## MARGARET COGGINS vs. TIMOTHY C. MURPHY.

Bristol.    October 25. — 26, 1876.    DEVENS & LORD, JJ., absent.

The defendant, who was the agent of one S., the general agent of a steamship company, sold to the plaintiff a passage ticket, disclosing the name of his principal. By its terms the ticket was good for one year. It was further agreed that, if the ticket should be returned unused, within that time, the money paid therefor should be refunded. Before the expiration of the year, the plaintiff told the defendant that the ticket could not be used until a certain time after the expiration of the year, and asked if it would hold good until then. The defendant said that it should, and that, if it was not then used, he would refund the money. The ticket was not used within the time, and was afterwards returned to the defendant who promised to refund the money but did not do so. *Held*, in an action for money had and received, that the above facts warranted a finding that the defendant personally promised to refund the money; and that the return of the ticket was a sufficient consideration for such a promise.

CONTRACT for money had and received. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, on an agreed statement of facts, in substance as follows :

On or about October 16, 1872, the plaintiff, a resident of Fall River, bought of the defendant, who was also a resident of Fall River, a passage ticket from Ireland to America by way of the National Steamship Company's line, for which she paid him $160. At the time of the purchase the defendant was, and so stated to the plaintiff, the agent, for the sale of passage tickets, of one Sheahan of the city of New York, who was the general agent of the company. By the printed terms of the ticket it was to hold good for one year, and it was further agreed and understood that, if the ticket should be returned unused, within that time, the money paid therefor should be refunded. Ten months after the purchase of the ticket, the plaintiff. called upon the defendant and told him that she had received word from those, to whom she had sent the ticket, that they could not use it until the following March, and asked him if it would hold good until then. The defendant replied that the ticket should hold good until then, and that, if it was not then used, he would refund the money to her when she brought back the ticket. The ticket was never used. Subsequently to March the plaintiff often conferred with the defendant upon the matter, in all of which instances

the defendant promised to refund the money when she brought back the ticket. Soon afterwards the plaintiff returned the ticket, but the defendant did not refund the money but promised to do so, and has often so promised since, saying at one or more times that he already had eighty dollars of it in his possession. For some time there had been a litigation between the defendant and Sheahan concerning the accounts between them, since the beginning of which the defendant has promised to pay the money to the plaintiff when he obtained it from Sheahan.

If upon these facts the plaintiff had a good cause of action against the defendant, judgment was to be rendered accordingly; otherwise, judgment for the defendant.

*J. F. Jackson,* for the plaintiff.

*H. K. Braley,* for the defendant.

BY THE COURT. The facts of the case warranted the judge in finding that the defendant personally promised to refund the money to the plaintiff; and her return of the ticket to the defendant was a sufficient consideration for such a promise.

*Judgment for the plaintiff affirmed.*