### ALFORD B. WILTON vs. ANN G. EATON.

Suffolk.    March 21, 1878. — July 23, 1879.    AMES & MORTON, JJ , absent.

The surrender to an administrator of a promissory note made by his intestate, whether the note, at the time of the surrender, is capable or incapable of being enforced at law, is a sufficient consideration for the giving of a new note by the administrator, and he is personally liable thereon; although, when the new note is given, his final account has been allowed, and no new assets have since come into his hands.

CONTRACT upon the following promissory note : "$1000.  June 11, 1875.   On demand, after date, I promise to pay to the order of A. B. Wilton one thousand dollars, seven and one half per cent.   Ann G. Eaton, Administratrix."   The writ, dated May 11, 1877, was against the defendant personally.

Answer: 1.  A general denial.   2.  Want of consideration. Trial in the Superior Court, without a jury, before *Allen*, J., who found the following facts :

The defendant is the widow of Jacob F. Eaton, who died on August 29, 1871, intestate.   On September 13, 1871, she was duly appointed administratrix of his estate ; and, on the same day, filed her bond in due form, and afterwards gave due notice of her appointment and acceptance of the trust.   On ˌ July 9, 1873, she filed her final account as administratrix, which was allowed by the Probate Court, and by which it appeared that the estate was solvent, and that, after payment of debts, she had paid to the next of kin their distributive shares thereof.   No sale was made of real estate, all of which descended according to law.   No new assets afterwards came into her hands.   Some time during the year 1875, the plaintiff produced a promissory note, for $1000, dated January 17, 1867, payable on demand, signed by the intestate, and given by him to the plaintiff for money lent, and requested the defendant to pay the same.   On the back of the note were various indorsements of interest, the last being April 17, 1874, and also the following, all being in the handwriting of the plaintiff : " Received payment in full upon the within."   The last indorsement of "payment in full " was made by the plaintiff at the time he gave Eaton's note to the defendant, and took the note in suit in exchange therefor.   The

plaintiff offered the other indorsements, with further evidence to prove payment of interest on the note by the defendant. The judge admitted this evidence against the defendant's objection, but found as a fact that the defendant had made no payment of interest on the note. The defendant had never seen or heard of the above note signed by the intestate until a short time before the date of the note in suit. At the time of the giving of the latter note, the plaintiff had not begun any suit at law or in equity on the former note, nor was any evidence offered to show that he contemplated any legal proceeding thereon. Prior to the time when the note in suit was given to him, the plaintiff told the defendant's agent that he thought it impossible to enforce payment at law of the note of Jacob F. Eaton, on account of the statute of limitations. The plaintiff offered no evidence to explain his delay in demanding payment of this note; nor did he offer to prove a demand for payment thereof upon any person prior to 1875. The surrender to the defendant of the note of the intestate was the consideration for the note in suit; nor was there any other or further consideration therefor, save such legal inference of consideration as may be drawn from the above facts.

Upon these facts, the judge ordered judgment for the plaintiff; and the defendant alleged exceptions.

*B. Adams*, for the defendant.

*J. P. Farley, Jr.*, for the plaintiff.

GRAY, C. J. The judge, before whom this case was tried without a jury, has found as a matter of fact that the surrender to the administratrix of the note of her intestate was the consideration for the note made by her to the plaintiff. The surrender of the former note, whether that note was at the time of the surrender capable or incapable of being enforced at law, was sufficient to constitute a consideration for the new note. *Haigh* v. *Brooks*, 10 A. & E. 309, 320, 334. *Lawrence* v. *McCalmont*, 2 How. 426, 452. *Newhall* v. *Paige*, 10 Gray, 366, 368. *Kerr* v. *Lucas*, 1 Allen, 279. *Coggins* v. *Murphy*, 121 Mass. 166. It is therefore unnecessary to consider whether the grounds of the decision in *Wheaton* v. *Wilmarth*, 13 Met. 422, are sound or applicable to this case.

In *Williams* v. *Nichols*, 10 Gray, 83, the ruling of the Court of Common Pleas, which was reversed by this court, was that the

giving of a mere receipt, without proof that it was delivered or accepted as the consideration for the defendant's promise, was, as matter of law, a sufficient consideration. That case is thus distinguished from this.                    *Exceptions overruled.*