JOSEPH R. DUNHAM *vs.* DANIEL L. JOHNSON.

Bristol.   Oct. 24, 1882. — Sept. 6, 1883.   C. ALLEN, COLBURN & HOLMES, JJ., absent.

A. employed B. to make repairs upon a coasting vessel of which A. was the master.   The repairs were made in a home port, from which the vessel afterwards departed, and B. filed no statement of his claim for such repairs, under the Gen. Sts. c. 151, § 13.   C., more than a year later, became the owner of the vessel, and advertised it for sale by auction.   B. then demanded of C. payment for the work he had done upon the vessel, and threatened to proceed to enforce by legal means the lien which he claimed to have upon it, unless C. would pay or secure his claim.   C., to induce B. to forbear legal proceedings, promised to pay his claim, if it was one for which he could maintain a lien which could be enforced against the vessel; and B. forbore all legal proceedings.   *Held*, that B. had lost his lien, and could not maintain an action against C.

CONTRACT in two counts.   The first count was on an account annexed, for a balance due for work and labor on a vessel called the Bristol.   The second count was as follows: "And further declaring, for the same cause of action, the plaintiff says that one Chace owed him the sum of forty dollars and forty cents for labor on the sloop Bristol, and interest thereon from May

20, 1876, to September 10, 1878, to wit $3.24, making in all $43.64, and the plaintiff was about suing out a writ to attach the property of said Chace to secure said debt when the defendant, in consideration of the promise and agreement that the plaintiff would forbear to sue and attach the property of said Chace and give the defendant the first chance to do so, agreed with the plaintiff to pay said debt due to the plaintiff from said Chace; and the plaintiff says that in consequence of said agreement he did forbear to sue said Chace, and the defendant owes him said $43.64." Answer: 1. A general denial. 2. The statute of frauds.

Trial in the Superior Court, before *Brigham*, C. J., who reported the case for the determination of this court, in substance as follows:

The undisputed facts were as follows: The plaintiff's labor and its value, as alleged in the declaration, were rendered in March and April, 1876, in making repairs on the sloop Bristol, a vessel of 39 tons, old measurement, registered in the custom-house at Fall River, but having her home port at Freetown, and engaged in coastwise voyages. The plaintiff was a ship-wright, and his labor in making the repairs was performed at Freetown, and was procured by Henry Chace, the master and ostensible owner of the Bristol, although at that time one Alden Hathaway held a bill of sale of the Bristol, given to secure an indebtedness of Chace to Hathaway, who was also the registered owner of said vessel. In August, 1877, the defendant, to whom at that time Chace was indebted in a considerable sum of money for supplies theretofore furnished to the vessel, while the Bristol was at a port in Martha's Vineyard engaged in a coastwise voyage, purchased her of Hathaway for a valid consideration, became the registered owner of her, and, on her return to Free-town, took possession of her by a writ of replevin, and advertised her to be sold by auction in Freetown, on September 22, 1877. On that day, she was sold by auction to one Augustus Barrow, who bid her off as the agent of the defendant, who owned the vessel for one year afterwards. The Bristol departed from the port of Freetown on several coastwise voyages after the plaintiff ceased to work on the repairs for which he seeks to recover compensation by this action, and before she was sold by auction.

The plaintiff on several occasions, before the defendant purchased the vessel of Hathaway, asked payment of Chace for the repairs and labor stated in the declaration, but Chace paid the plaintiff only $5 on account of such repairs.

The plaintiff had no knowledge of Hathaway's having a bill of sale of the vessel, or of the defendant's purchase of her, until she was taken possession of by the defendant in August or September, 1877. The plaintiff, after the vessel was advertised to be sold by auction, in September, 1877, called upon the defendant, asked him if he was owner of the Bristol, and, upon the defendant's saying that he was the owner of her, demanded payment of the claim stated in the declaration, avowing his purpose at the same time, if the defendant did not pay or secure his claim, to proceed by legal means to enforce the lien which he claimed to have against the vessel, then lying in the port of Freetown.

The defendant, to induce the plaintiff to forbear legal proceedings against the vessel, and to forbear embarrassing, by any legal proceeding, the proposed sale of the vessel by auction, promised to pay the plaintiff's claim, if it was a claim for which the plaintiff could maintain a lien which could be enforced in law against the vessel; and thereupon, induced by this promise of the defendant, the plaintiff promised to forbear, and did forbear, any proceedings in law to enforce a lien against the vessel, or against the defendant as owner of the vessel, and she was duly sold by auction on the day advertised for such sale.

It was in dispute whether the defendant acknowledged to the plaintiff that the plaintiff's claim was one for which the plaintiff could maintain a lien against the vessel, and whether the defendant absolutely promised to pay that claim after the sale of the vessel by auction.

The judge ruled, that, upon the undisputed facts in the case, the plaintiff was entitled to recover; and directed the jury to find a verdict for the plaintiff for the sum claimed in the declaration; and the jury returned a verdict accordingly.

If the ruling and direction were erroneous, a new trial was to be ordered; otherwise, judgment on the verdict.

*M. Reed*, for the defendant.

*H. K. Braley*, for the plaintiff.

W. ALLEN, J. There was no evidence to sustain either count of the declaration. The work charged in the first count was not performed for the defendant; and there was no evidence of the consideration alleged in the second count, — forbearance to sue and attach the property of Chace; nor of the promise set forth in that count, — an unconditional promise to pay the debt of Chace.

But we are of opinion that, upon the facts, the plaintiff could not recover upon any form of declaration. The plaintiff had been employed by Chace to make repairs upon a coasting vessel of which he was the master. The vessel was repaired in a home port, and there was no lien upon it unless under the statute. The vessel departed from the port of repairs, and the plaintiff filed no statement, and had no lien upon it under the statute. Gen. Sts. *c.* 151, §§ 12, 13. More than a year after that, the defendant became the owner of the vessel. After he had advertised it for sale by auction, the plaintiff demanded of the defendant payment for the work he had done upon it, and threatened to proceed to enforce by legal means the lien which he claimed to have upon the vessel, unless the defendant would pay or secure his claim. The defendant, to induce the plaintiff to forbear legal proceedings, promised to pay his claim, if it was one for which the plaintiff could maintain a lien which could be enforced against the vessel; and the plaintiff did forbear all legal proceedings. The consideration of the defendant's promise was the forbearance to prosecute a claim for a lien upon the vessel, when there was no lien upon it. Whether forbearance to prosecute a groundless claim is sufficient consideration for a promise to pay money, or under what circumstances forbearance to sue a doubtful or contested demand will be sufficient, it is not necessary to consider. See *Palfrey* v. *Portland, Saco & Portsmouth Railroad*, 4 Allen, 55 ; 1 Chit. Cont. (11th Am. ed.) 35–41, 46, and cases cited.

The promise of the defendant was "to pay the plaintiff's claim, if it was a claim for which the plaintiff could maintain a lien which could be enforced in law against the vessel." The plaintiff had no lien upon the vessel, and his claim was one for which he could not maintain a lien, and which the defendant did not promise to pay.                         *New trial ordered.*