JOHN J. MURPHY *vs.* JOHN Z. ROGERS.

Suffolk.    January 8, 1890. — February 26, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Promissory Note — Illegal Contract — Gaming.*

Playing billiards upon the terms that the loser shall pay for the table, and for liquors and cigars to be used by the winner, is gaming; and a note for the price thereof is given for " money won by gaming," and is void as between the parties by force of the Pub. Sts. c. 99, § 5.

The keeper of a billiard saloon, also licensed to sell intoxicating liquors, played with a customer upon the terms that the defeated party should pay for the use of the table, and for liquors and cigars to be used by the prevailing party. The customer was the loser, and the keeper charged him with the price of such table, liquors, and cigars, and the account, which also included other items, was settled between them by the customer's giving a promissory note to the keeper for the amount thereof, which note was successively renewed by other notes. *Held,* that the original note and the renewals thereof were void as between the parties by force of the Pub. Sts. c. 99, § 5.

CONTRACT upon four promissory notes, dated December 2, 1887, given by the defendant to the plaintiff. Trial in the Superior Court, without a jury, before *Lathrop,* J., who found the following facts, and reported the case for the determination of this court, in substance as follows.

The notes in question were given to the plaintiff in renewal of a promissory note for $467.75, dated December 10, 1886, and signed by the defendant. The consideration of the original note was in part sums of money for intoxicating liquors and cigars sold by the plaintiff to the defendant, and charges for playing billiards and pool, and in part money lent, which last, however, had nothing to do with the playing referred to. The plaintiff kept a billiard saloon, having a license therefor, and also a license for the sale of intoxicating liquors ; and the defendant was a frequenter of this saloon. In playing billiards or pool in such saloon the charge was a certain sum for each game for each player ; and the practice was for the loser of the game to pay the charges for all the players. Sometimes bets of cigars or drinks were made on the game, and the loser of the game then paid for the cigars or the drinks for all the players. In some

instances the plaintiff played billiards or pool, either with the defendant alone, or with him and other persons ; and the defendant, when the loser, requested the amount due for the game to be charged to him, and also bought cigars or drinks for the other players, and had these charged to him. The amounts so charged formed part of the consideration of the original note.

The defendant contended that on these facts the original note was void under the Pub. Sts. c. 99, § 5, and requested the judge to rule as follows : —

" 1. If the defendant, with the knowledge of the plaintiff, played any game upon the plaintiff's premises to determine which of the players should pay a sum of money for any other player or players, or to determine who should pay for liquors or cigars to be furnished to the other player or players ; and if the plaintiff charged the defendant for the price of the game so played, or for the liquors and cigars so furnished, and the amount so charged was a part of the consideration for which the defendant gave the original note to the plaintiff, and the notes in suit are renewals of the whole or any part of said first note so given, then the plaintiff cannot recover.

" 2. If the defendant and the plaintiff played together any games of billiards or pool, or any other game of chance by which the defeated party was to pay for the use of the table or implements used in playing the game, or for any liquors or cigars to be used by the prevailing party, and if the amount lost by the defendant in any such game was charged against him by the plaintiff upon his account with the defendant, together with other items, and said account was afterward settled by a note given by the defendant, and the notes in suit are renewals of said original note or notes so given in settlement of such account, then the plaintiff cannot recover."

The judge refused so to rule ; and ruled that the Pub. Sts. c. 99, § 5, did not apply, and found for the plaintiff. If, on the above facts, the finding was right, judgment was to be entered on the verdict ; otherwise, a new trial was to be granted, or judgment entered for the defendant.

*M. R. Thomas*, for the defendant.

*H. Wheeler*, for the plaintiff, cited *People* v. *Sergeant*, 8 Cow. 139. *State* v. *Hall*, 3 Vroom, 158, 165.

C. Allen, J. The second ruling which was requested should have been given. If the plaintiff kept a billiard saloon, and played with the defendant upon the terms that the defendant should pay for the use of the table by both parties in case he lost, but otherwise that he should not pay anything, that was gaming, within the meaning of the Pub. Sts. c. 99, § 5.* So also it was gaming if they played together upon the terms that the defendant, in case he lost, should pay the plaintiff for liquors or cigars to be used by the plaintiff, but otherwise not. In such case, the price of the use of the table, or of the liquor and cigars, was money won by the plaintiff from the defendant by gaming. As to the price of the liquors, this was settled by *Commonwealth* v. *Taylor*, 14 Gray, 26, and *Commonwealth* v. *Gourdier*, 14 Gray, 390; and the price for the use of the table comes within the same principle. If the facts were as assumed in the second request for a ruling, the original note was given in part for money won by gaming, and was void as between the parties by virtue of the Pub. Sts. c. 99, § 5; and the notes now sued on, which were given in renewal thereof, stand no better.

As supporting a similar view of the law, see *State* v. *Leighton*, 23 N. H. 167; *State* v. *Maurer*, 7 Iowa, 406; *State* v. *Book*, 41 Iowa, 550; *Ward* v. *State*, 17 Ohio St. 32; *Walker* v. *State*, 2 Swan, 287. The cases cited by the plaintiff, and *Harbaugh* v. *People*, 40 Ill. 294, are opposed.

*New trial granted.*

---

* This section is as follows: —

" All notes, bills, bonds, mortgages, or other securities or conveyances in which the whole or part of the consideration is money or goods won by gaming or playing at cards, dice, or any other game, or by betting on the sides or hands of persons gaming, or for reimbursing or repaying money knowingly lent or advanced for gaming or betting at the time and place of such gaming or betting to a person so gaming or betting, shall be void and of no effect as between the parties to the same."