JOHN H. LAMB & another *vs.* EZRA T. McINTIRE & another.

Suffolk.    January 26, 1903. — May 22, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Corporation*, By-laws, Election of officers. *Equity Jurisdiction*, Fraud.

*Semble,* that a by-law of a corporation, providing, that the president "shall preside at all meetings of the stockholders and shall have a casting vote at such meetings", does not give the president of the corporation after he has voted on his stock at an election of officers the right to cast an additional vote and thus determine the election.

A mortgage and note made by the president and directors *de facto* of a corporation in fraud of the corporation and its creditors to one having notice of the fraud will be set aside on a bill by a stockholder and creditor, and being tainted with fraud the mortgage and note cannot be enforced as security for any part of the consideration for which they were given.

In a suit in equity by a stockholder and creditor of a corporation to set aside a mortgage and note made by *de facto* officers of the corporation fraudulent as against the corporation and its creditors, the defendant mortgagee is entitled to be repaid sums paid by him for taxes while he held the record title to the property, as a condition on which the relief prayed for should be granted.

BILL IN EQUITY, filed October 2, 1901, by two attaching cred-
itors of the Endicott Granite Company, the first named being
also a stockholder, to set aside a certain mortgage and note for
$1,000 executed in behalf of the defendant corporation to the
defendant McIntire, the only consideration being alleged to be
$750 advanced by the defendant McIntire for the purpose of
paying salaries to certain officers of the corporation.

In the Superior Court *Hardy*, J. overruled the defendant
McIntire's exceptions to the master's report, and also the ex-
ceptions of the plaintiff Lamb to the report, and found for the
plaintiffs, confirming the master's report " with the exception
that the plaintiffs in equity and good conscience ought to pay
the sums that have been advanced for the taxes on the property
which have preserved it, so that the attachments of the plain-
tiffs have now some value." He made a decree, that upon the
payment by the plaintiff Lamb to the defendant McIntire of the
sum of $143.73, taxes upon the property for the years 1900 and
1901, with interest, the mortgage set forth in the plaintiff's bill
of complaint was declared to be null and void as against the
attachments of the plaintiffs, and the defendant McIntire was
ordered to discharge it from the record, and that the plaintiff
Lamb should recover from the defendant McIntire his costs as
taxed by the clerk. The defendant McIntire appealed.

*E. N. Lacey*, for the defendant McIntire.

*T. Weston*, for the plaintiffs.

KNOWLTON, C. J. The question in this case is whether the
mortgage given by the defendant, the Endicott Granite Com-
pany to the defendant McIntire, is valid against the plaintiffs
who are judgment creditors of the defendant corporation, and
who attached the mortgaged property when they brought their
suits, after the mortgage was given. This mortgage was exe-
cuted by one Wilson in the name of the corporation while he
was acting as its president and one of its directors. The plain-
tiffs contend that Wilson and his associates were not legally
elected directors, because the same number of votes was cast for
the opposing candidates as for them. At this election Wilson,
who was a large stockholder in the corporation, and then its
president, voted on his stock, and afterwards gave a casting vote
as presiding officer. Article III. of the by-laws provides that

" The officers shall be chosen by ballot of the stockholders at the annual meeting." Article XIV. declares that " All votes shall be determined by a majority of all stock represented at any regular or special meeting." Article IV. provides that the president "shall preside at all meetings of the stockholders and shall have a casting vote at such meetings."

It would seem that this last provision cannot be given effect to enable a presiding officer who has voted on his stock at an election of officers, to cast an additional vote, and thereby determine the election. When this was done the plaintiff Lamb, who was a large stockholder, made objection, and made his protest a part of the record. Two weeks afterwards, on receiving notice of a meeting of the directors, he sent another protest to the persons declared elected by this vote, denying that they had any authority to act for the corporation. He took no measures to have the proceedings set aside, and he was present at the next annual meeting of the corporation, held about a year and a half later, at which, as the evidence tends to show, there was a vote approving the records of the former meeting. But he had no knowledge of the mortgage until many months after it was made, and it is at least doubtful whether he was estopped from setting up the illegality of the election, as the master ruled. It appears, however, that these officers were directors *de facto*, and that therefore, in favor of third persons who dealt with them in good faith, the corporation was bound by their acts.

The master has found that Wilson, in dealing with the defendant McIntire in reference to this mortgage, was acting fraudulently as against the creditors of the corporation and the corporation itself, and that McIntire participated in the fraud. Under these circumstances, the fact that Wilson was an officer *de facto* would not make the mortgage binding upon the corporation. The master found that there was little if any doubt that McIntire understood when he took this mortgage that it was, in substance, a method of taking from Lamb property which equitably belonged to him, and giving it to McIntire. He adds, " At any rate, on his own testimony, I find that he was put on inquiry as to whether Wilson had authority to make the mortgage he did make, and was acting in good faith in the transaction, and that inquiry on his part would have disclosed Wilson's fraud. I

find, therefore, that the transaction is tainted with fraud, and that McIntire is not entitled to enforce this mortgage as it now stands against the corporation and its attaching creditors."

These findings make it unnecessary to decide some of the other questions which have been discussed, and leave for further consideration only the question whether the note and mortgage, having been made and received in part to accomplish a fraudulent purpose, can be enforced for the security of any part of the consideration that entered into them. We are of opinion that they cannot. They represent a single transaction which was affected with fraud. It is impossible to separate it into parts which were good and bad, respectively. We are of opinion that on the findings the mortgage must be held void. *Brigham* v. *Potter,* 14 Gray, 522, 524. *Richardson* v. *Sibley,* 11 Allen, 65, 72. *Lynde* v. *McGregor,* 13 Allen, 172, 181. *Crowninshield* v. *Kittridge,* 7 Met. 520.

The sums paid by McIntire for taxes assessed upon the property for the years 1900 and 1901 stand differently from the loan. These sums were paid while he held the record title to the property, to save it from the enforcement of a statutory lien, and we are of opinion that in equity and good conscience the plaintiffs should repay them with interest, as a condition on which the relief prayed for is granted.

*Decree affirmed.*