## DAVID KENNEDY *vs.* OWEN W. WELCH.

Berkshire.        October 2, 1907. — December 31, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Equity Pleading and Practice,* Exceptions to rulings, Exceptions to master's report. *Equity Jurisdiction,* To enjoin foreclosure of mortgage, To cancel note given for illegal consideration.   *Bills and Notes,* Consideration.   *Mortgage.   Intoxicating Liquors.   License.*

If, after an order for a decree by the judge presiding at the hearing of a suit in equity, a party aggrieved thereby resorts to a bill of exceptions instead of to an appeal, the only questions presented to this court by such exceptions are whether the presiding judge was right in such of his rulings of law as were excepted to.

By a bill of exceptions filed in a suit in equity, it appeared that the case was referred to a master under a rule directing him to "find and report the facts with so much of the evidence as either party desired," that the final draft of the master's report contained a report of some but not of all the evidence introduced before him, that the defendant filed objections to the master's report because the master, though requested by him, had refused to make certain findings of fact, that the defendant, upon the filing of the report, filed exceptions thereto, based on his objections filed with the master, and that a motion to recommit the master's report was denied and the exceptions thereto were overruled. *Held,* that, the entire evidence not having been reported, the master's conclusions of fact must be treated as final and not open to review.

The purchaser of a business of bottling intoxicating liquors was especially induced to buy it by an agreement of the vendor that he should have the privilege of selling such liquors on the premises under a fifth class license granted to the vendor in accordance with Pub. Sts. c. 100, § 10, as amended by St. 1891, c. 369.   The use of such privilege by any one other than the licensee to whom it had been granted was illegal.   The purchaser, with others as co-makers, gave to the vendor a promissory note covering the entire consideration for the transaction and, the note not being paid at maturity, the payee brought an action against the makers, one of whom, in compromise of the action, gave a new note for the same amount secured by a mortgage of real estate. *Held,* that the consideration of the first note was illegal and rendered it void, and, therefore, the action which was compromised by the giving of the second note and mortgage having been brought upon an illegal demand, there was no new or valid consideration for the second note, and that a suit in equity might be maintained to enjoin foreclosure of the mortgage and to cancel and discharge the mortgage and the note.

BILL IN EQUITY, filed in the Superior Court for the county of Berkshire August 4, 1899, to enjoin the defendant from foreclosing a mortgage of real estate given by the plaintiff to him, and to compel him to discharge the mortgage and cancel the note which it secured.

The case was referred to a master and was heard on exceptions by the defendant to the master's report by *Crosby*, J., who overruled the exceptions and denied certain requests of the defendant for rulings, and the defendant excepted.

Annexed to the defendant's bill of exceptions were the report of the master, containing a report of a part of the evidence introduced before him, requests by the defendant of the master for certain additional findings of fact, and for certain rulings of law, objections by the defendant to the refusal of the master to grant his requests, exceptions to the report based on the objections, requests for rulings filed with the presiding judge, a "memorandum of decision" by the presiding judge, and an order for decree containing the following statement: "In the matter of the defendant's motion to recommit the master's report, the motion is denied and the master's report is confirmed." Nowhere else in the record is there any mention of a motion to recommit the report.

It appeared from the master's report that a firm named Whitlaw and Smith purchased from the defendant a bottling business, and gave the " first note," mentioned in the third paragraph of the opinion, to cover the purchase price. The plaintiff and others signed the note as makers. The note not being paid at maturity, the defendant brought an action upon it against the plaintiff and others of the makers. The master found that, while that action was pending, the note and mortgage which were the subject of this suit "were given in compromise of the plaintiff's liability on the first note and the action thereon," and that they were "intended to cover what was then due on the first note."

The defendant's fourth request, referred to in the third paragraph of the opinion, was as follows: " Unless at the time of sale, or prior thereto, this defendant did something, performed some act, to aid and assist Whitlaw and Smith in some unlawful purpose in connection with the property purchased, this $3000 note was perfectly good and this plaintiff was liable and is still liable thereon "; as to which the presiding judge ruled: " The fourth request is given with the following addition: ' But the note was void as against the plaintiff if the defendant at or prior to the sale and as a part of the consideration of the sale for which the

note was given agreed that Whitlaw and Smith should have the right to carry on the liquor business under the defendant's fifth class license and that such agreement entered into the contract and was an inducement for said Whitlaw and Smith to make the same.'"

Other facts are stated in the opinion.

The case was submitted on briefs.

*M. E. Couch, W. H. Brooks & W. Hamilton,* for the defendant.
*C. T. Phelps & P. J. Ashe,* for the plaintiff.

BRALEY, J.    Instead of adopting the usual equity practice by taking an appeal from a final decree, under which all questions, not only of law, but of fact, appearing in the record would have been open to review, the defendant, after an order by the presiding judge for such decree, has resorted to a bill of exceptions, which presents for decision only rulings of law.    See *Ex parte Story,* 12 Pet. 339 ; *Dorr* v. *Tremont National Bank,* 128 Mass. 349; *O'Brien* v. *Keefe,* 175 Mass. 274; *Prescott* v. *Prescott,* 175 Mass. 64 ; *McCusker* v. *Geiger,* 195 Mass. 46.

We first consider the exceptions to the report.    If the master, who under the rule was directed to find and report the facts with so much of the evidence as either party desired, failed to make his report sufficiently full or had overlooked important portions of the evidence, it was open to the defendant to ask for a recommital, either for the finding of additional facts or for the modification of those already found.    But, a motion to recommit having been denied, an attempt then was made apparently to accomplish the same object by exceptions which related solely to questions of fact.    The entire evidence, however, not having been reported, the master's conclusions must be treated as final, and were not open to review.    *East Tennessee Land Co.* v. *Leeson,* 183 Mass. 37.    *Hutchinson* v. *Nay,* 183 Mass. 355.    *O'Brien* v. *Murphy,* 189 Mass. 353.    *Hoshor-Platt Co.* v. *Miller,* 190 Mass. 285.    These exceptions having been properly overruled, it was competent for the presiding judge in reaching his decision to draw from the facts reported such inferences of fact as they would warrant, and which he deemed material.    *Bacon* v. *Abbott,* 137 Mass. 397, 399.

The important question, upon which the decision depends, is whether the second promissory note, secured by a mortgage of

the plaintiff's real estate, the foreclosure of which the bill is brought to enjoin, is valid. By Pub. Sts. c. 100, § 10, as amended by St. 1891, c. 369, in force when the first note was given, a license of the fifth class could not lawfully be transferred by the licensee to a purchaser even with the consent of the license commissioners. St. 1889, c. 344. The privilege conferred is personal, and can be exercised only by the licensee. *Commonwealth* v. *Lavery*, 188 Mass. 13, 14. The master finds that the purchase price, for which this note was given, included the transfer of a license of this class, then held by the defendant, for the purpose and with the design on his part of enabling the vendees as a part of the transaction to continue the business of selling intoxicating liquors on the leased premises, where the personal property sold was situated or with which it was connected. It is evident from these findings, as well as from those under the defendant's fourth request, not only that the transfer of the license was held out as an inducement to make the purchase, but that whatever value it had entered into the sale, which was fully executed. The master further having determined that the valuation placed upon the license was inseparable from the purchase price, the consideration was entire and, the note being tainted with illegality, was absolutely void and unenforceable in the suit brought against the plaintiff, who as between himself and the defendant was a joint maker. *Hubbell* v. *Flint*, 13 Gray, 277. *Brigham* v. *Potter*, 14 Gray, 522. *Bishop* v. *Palmer*, 146 Mass. 469. *Lamb* v. *McIntyre*, 183 Mass. 367. But, if the first note thus was rendered invalid, it is said by the defendant that the second rests upon a new consideration. The consideration for the mortgage note is expressly found to have been " the release and discharge of the plaintiff from all liability on the original note or in the suit brought thereon." This finding excludes whatever advantage, if any, the defendant might have derived from other possible elements of gain to himself or of benefit to the plaintiff disclosed by the report, and the only question is, whether the ruling that the last note became subject to the same infirmity was wrong. It would be a perversion of the explicit statements in the report to hold that the defendant was ignorant of the purpose of the purchase, in which he participated, and he must be presumed to have known that, at

the time the writ in the original claim was sued out, that claim was not well founded because of his attempt to evade the statute. If, under a promise by the plaintiff to pay, the defendant had forborne to sue, the forbearance would not have furnished a sufficient consideration to support the promise. It could not have been upheld by the old obligation, as that was void for illegality, nor by the new, for by the repetition of a void promise the creditor suffers no detriment and the promisor receives no benefit. *Holden* v. *Cosgrove,* 12 Gray, 216. *Howe* v. *Litchfield,* 3 Allen, 443. *Palfrey* v. *Portland, Saco & Portsmouth Railroad,* 4 Allen, 55. See *Dunham* v. *Johnson,* 135 Mass. 310. The defendant, however, insists that, suit having been brought, its discontinuance at the plaintiff's request furnished an independent consideration. *Barlow* v. *Ocean Ins. Co.* 4 Met. 270. *Dunbar* v. *Dunbar,* 180 Mass. 170. But there is a clear distinction between the adjustment of a pending suit to enforce a liability the outcome of which may be reasonably doubtful, and a suit brought upon an illegal demand, which the courts will not lend their aid to enforce. See *White* v. *Buss,* 3 Cush. 448 ; *Cardoze* v. *Swift,* 113 Mass. 250 ; *Scollans* v. *Flynn,* 120 Mass. 271. In the first instance, the consideration, which may be and often is inadequate, is supported by the compromise, even if the original claim upon trial might have been found invalid. *Prout* v. *Pittsfield Fire District,* 154 Mass. 450, 453, and cases cited. *Miles* v. *New Zealand Alford Estate Co.* 32 Ch. D. 266, 283, 284. In the second instance, there is no existing claim which the law will recognize as sufficient to raise a doubt in favor of the creditor, and the essential basis for a settlement is absent. *Murphy* v. *Rogers,* 151 Mass. 118. *Bride* v. *Clark,* 161 Mass. 130. *Pitkin* v. *Noyes,* 48 N. H. 294. *Feeter* v. *Weber,* 78 N. Y. 334. Besides, if it were held that the discontinuance of the suit was enough to furnish a distinct and separate benefit, the consideration was indivisible, and, as that which is unlawful cannot be separated or apportioned, the whole fails. *Loomis* v. *Newhall,* 15 Pick. 159. *Perkins* v. *Cummings,* 2 Gray, 258. *Bishop* v. *Palmer,* 146 Mass. 469, 474. Whichever way is taken, the illegal element which avoided the first note having entered also into the mortgage note, the plaintiff cannot be held to the performance of his promise.

We are asked by the defendant, if this conclusion is reached, to consider and adjust between the parties the measure and extent of the relief to be granted. But, no error of law being found either in the refusals to rule as requested or in the rulings given, the order must be,

*Exceptions overruled.*