BOYLSTON BOTTLING COMPANY *vs.* PATRICK W. O'NEILL &
another.

Suffolk.    November 19, 1918. — January 2, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Contract,* Validity. *Surety. Wrongdoer without Remedy. Sale,* When title passes.
*License. Intoxicating Liquors.*

A contract to pay a man $60 a week for delivering beer sold in part in Boston,
where such sale was lawful, and sold in part in Brookline, where such sale was
unlawful, is wholly void, a single consideration being paid for the lawful and the
unlawful services.

The surety on a bond, which was given to ensure the faithful performance of an
unlawful contract, cannot be held liable for a breach of the bond by the
principal, because the courts will not enforce the obligation of an unlawful
contract.

A liquor dealer doing business on premises owned by him on a street in Boston,
under a license of the fourth class, authorizing him "to sell liquors of any kind,
not to be drunk on the premises," gave to the driver in charge of one of its de-
livery wagons a written order upon a brewery in another part of Boston for the
beer necessary to fill certain written orders for beer to be delivered by the
driver in a certain district in Boston and in Brookline. The driver presented
this order to the brewery and received the beer described in it. He then "placed
upon the various cases and packages" tags of the dealer on which were written
the names and addresses of the various customers to whom the beer was to be
delivered. Under the terms of his employment the driver "was required to
collect the price of the liquor on delivery, and, in the event of failure to collect
the price, to withhold delivery and to return the merchandise to the" dealer.
In an action, in which the validity of the contract of employment of the driver
was involved, these facts appeared by the record, and it was assumed by the
parties that the sales of the packages of liquor delivered in Boston were lawful.
*It seems,* that this assumption was wrong, as a license authorizes a sale on the
premises described in it and the premises described in the dealer's fourth class
license were its place of business owned by it; and on the facts stated above it
did not appear that the sales in Boston were made on the premises of the dealer
described in its license.

CONTRACT upon the bond printed below, against the defendant
O'Neill as principal and the defendant Noonan as surety, alleg-
ing that the defendant O'Neill was employed by the plaintiff as a
driver and collector and that he committed a breach of the bond
by failing to account for certain packages of property of the

plaintiff received by him. Writ in the Municipal Court of the City of Boston dated June 15, 1917.

The bond was as follows:

"Know all men by these presents that we Patrick William O'Neill of Boston in the county of Suffolk as principal and Sarah N. Noonan as surety stand firmly and justly bound unto the Boylston Bottling Company, a corporation duly organized and existing by law, and having a usual place of business in Boston in the full and just sum of $500 to the payment of which to the said Boylston Bottling Company, its successors and assigns, we hereby bind ourselves, our heirs, executors and administrators.

"The condition of this obligation is such that if said Patrick William O'Neill, who is about to be employed by said Boylston Bottling Company, shall render a faithful account of all merchandise delivered to him and money collected by him and shall return all packages received by him from the company or account to the company for the value of any not so returned, then this obligation shall be void and of no effect but otherwise shall remain in full force and virtue.

"Witness our hands and seals this 4th day of November 1916.

Patrick W. O'Neill [SEAL]
Sarah N. Noonan [SEAL]
79 Park Drive Brookline."

The answer of the defendant O'Neill contained the allegation "that, if the plaintiff shall prove a contract upon which the alleged bond was given, the same was illegal." The answer of the defendant Noonan, as amended, contained an allegation "that, if it shall appear that the principal upon the bond, alleged in the declaration, ever did any of the things set out in the plaintiff's declaration, that the same were done or performed under a contract in violation of the laws of this Commonwealth; and this defendant is not to be held to pay for any amount."

The material evidence at the trial in the Municipal Court is described in the opinion. At the close of the evidence the defendant Noonan asked the judge to rule that upon all the evidence the plaintiff was not entitled to recover. The judge refused to make this ruling and found for the plaintiff in the sum of $451.45. At the request of the defendant he reported the case to the Appellate Division.

The Appellate Division made an order that the report be dismissed; and the defendant Noonan appealed.

The description of a license of the fourth class to sell intoxicating liquors contained in R. L. c. 100, § 18, is as follows:

"Fourth class. To sell liquors of any kind, not to be drunk on the premises."

*J. E. Crowley,* for the defendant Noonan.

*H. S. Davis,* for the plaintiff.

LORING, J. This is an action for breach of a bond. The condition of the bond is that "said Patrick William O'Neill, who is about to be employed by said Boylston Bottling Company, shall render a faithful account of all merchandise delivered to him and money collected by him and shall return all packages received by him from the company or account to the company for the value of any not so returned." The breach alleged is that O'Neill "received from the plaintiff ten hundred and sixty-four dozen bottles of the value of thirty cents a dozen and three hundred and sixty-one cases of the value of forty cents apiece, for which he has failed to account." The surety on the bond pleaded (*inter alia*) that, "if it shall appear that the principal upon the bond, . . . ever did any of the things set out in the plaintiff's declaration, that the same were done or performed under contract in violation of the laws of this Commonwealth." At the trial the judge refused to rule "that upon all the evidence the plaintiff was not entitled to recover" and reported the case to the Appellate Division of the Municipal Court. The Appellate Division directed that the report be dismissed and from that order the surety took the appeal which is now before this court.

We agree with the plaintiff that in deciding the question before us (whether as matter of law the plaintiff was not entitled to recover) the evidence favorable to the defendant must be laid on one side. The surety's contention is that on the plaintiff's own evidence O'Neill (the principal defendant) as matter of law was employed for a single sum to do work which was illegal in part; that for this reason the whole employment was illegal and that as a result the law will leave the parties where it finds them. If this be so, the ruling asked for ought to have been given.

It is stated in the report "that the plaintiff employed O'Neill to deliver intoxicating liquor sold by it in Roxbury and in Brook-

line and agreed to pay him for his services in that connection the sum of $60 a week." It is further stated that "the defendant O'Neill was the holder of a license from the selectmen of the town of Brookline, under which he was permitted as an expressman to make deliveries of intoxicating liquor in Brookline." It must be taken that this license was granted to O'Neill under St. 1906, c. 421, and the acts in amendment of that statute. From this it follows that on this record it must be taken that Brookline was a no-license town.

"It appeared that the plaintiff was engaged in the sale of intoxicating liquor on Lamartine Street in the city of Boston under a license of the fourth class issued by the licensing board of the city of Boston." The surety's contention is that the contract between the plaintiff and O'Neill by which "the plaintiff employed O'Neill to deliver intoxicating liquor sold by it in Roxbury and in Brookline" was an illegal contract so far as it provided for the delivery of "intoxicating liquor sold by it [the plaintiff] . . . in Brookline" and that the consideration paid O'Neill being an undivided sum ($60 a week for all his services) the contract was an illegal one although the delivery of liquors sold in Boston was legal.

It is established that a party to an illegal contract will be left by the law where the law finds him. A collection of authorities on that point is not necessary. For a recent case in which the proposition is well stated and a collection of some of the authorities is made, see Pelosi v. Bugbee, 217 Mass. 579. It is also established that a contract for a single consideration is wholly void if that single consideration is paid in part for an illegal act. Bishop v. Palmer, 146 Mass. 469. Kennedy v. Welch, 196 Mass. 592. Murphy v. Rogers, 151 Mass. 118. Andrews v. Frye, 104 Mass. 234.

The answer of the plaintiff to this contention is, that "there is no evidence that the goods referred to in the declaration were delivered to O'Neill for transportation to points in Brookline and not to points in Boston." The objection which the plaintiff has to meet is, that O'Neill was employed for a single sum in part "to deliver intoxicating liquor sold by it [the plaintiff] . . . in Brookline" and that that part of the employment being illegal and the consideration being single the whole contract is void.

The plaintiff's next contention is that this case comes within the established rule that where money is placed by A and B in the hands of a stakeholder to be paid over to the winner of a bet between A and B, A or B can revoke the stakeholder's authority before the money is paid over and recover from the stakeholder the money paid him by the person revoking the stakeholder's authority. This is established by the cases of *Fisher* v. *Hildreth,* 117 Mass. 558, and *McKee* v. *Manice,* 11 Cush. 357. Those cases go on the ground that the payment of the money to the stakeholder in such a case is not an illegal transaction and that so long as the matter is executory and the money has not been paid over either party can revoke the authority to pay the money in the illegal way theretofore authorized.

The plaintiff has also placed great reliance on the case of *Bone* v. *Ekless,* 5 H. & N. 925. The decision in that case went on the same ground. In that case the plaintiff had sold a vessel to the Turkish government for £6,500 under an authority from the defendant to pay £500 of the purchase money as a bribe to certain Turkish officials to secure the sale to the Turkish government. Later the plaintiff sued the defendant for the sum of £426 due from the defendant to him and the defendant pleaded in set-off that of the £6,500 received by the plaintiff to the defendant's use he had paid over to them £6,000 and that he had paid in bribes £300, but that he had kept in his own pocket the remaining £200. To this the plaintiff answered that he had promised to pay the £200 (which he kept) as a bribe to an official of the Turkish government, although he had not yet paid it over. The court held that the £6,500 received by the plaintiff was the defendant's money and that the defendant had a right to revoke the plaintiff's authority to pay over as a bribe the £200 which he had not paid over. This conclusion was reached on the ground on which it is held in this Commonwealth that the authority of a stakeholder to pay the money deposited with him to the winner of a bet can be revoked so long as the matter is executory and the money has not been paid over. The sale of the ship in *Bone* v. *Ekless* was not an illegal transaction although it had been procured by fraud and so could have been avoided by the Turkish government. The illegal transaction there in question consisted in the payment of the £500 as bribes. But in the case at bar

O'Neill's employment was an illegal one.  It was an illegal one because he was employed in part to deliver liquor sold in violation of law and was paid a single sum for all his services.  It is not necessary to examine in detail the cases in other jurisdictions which have been cited. . If they go beyond this they are not law in this Commonwealth.

We have decided the case at bar on the footing on which it was argued.  But a word must be added to prevent its being misunderstood.  The case was argued on the footing that the sales made in Boston were legal.  On the record it would seem that they were illegal.  It is stated in the report that "the employment [of O'Neill by the plaintiff] was carried out in the following manner."  The plaintiff recorded on its books at its store on Lamartine Street all "orders for liquor" received by it.  It delivered to O'Neill a written order on Haffenreffer and Company ("a brewery located in the city of Boston, which furnished the plaintiff with beer") for the beer necessary to fill these orders.  O'Neill then drove with his truck to the brewery, presented this order to it and received from it the beer called for.  He then "placed upon the various cases and packages" tags (bearing the name and address of the plaintiff) on which there was written the name and address of the customer to whom the beer was to be delivered.  "O'Neill also entered in a book which he kept for the purpose the date of reception, a transcript of the marks on the packages and the dates of delivery of the liquor which he so received and delivered.  Under the terms of his employment, O'Neill was required to collect the price of the liquor on delivery, and, in the event of failure to collect the price, to withhold delivery and to return the merchandise to the plaintiff."  The beer so sold by the plaintiff was not sold on the premises owned by the plaintiff "on Lamartine Street" and it must be taken on the record that the premises described in the plaintiff's fourth class license were its premises on Lamartine Street.  A license authorizes a sale on the premises described in it.  A sale by the person licensed made elsewhere than on the premises described in the license is not protected by it and is an illegal sale.

The result is that the order dismissing the report must be reversed and judgment entered for the surety.

*So ordered.*