MERCHANTS' FINANCE COMPANY *vs.* COMMONWEALTH PIPE & SUPPLY COMPANY & others.

Suffolk. February 4, 1930. — February 25, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Bills and Notes,* Indorser, Accommodation.

At the trial of an action upon a promissory note by the holder against a corporate indorser, the defence was that the note was for accommodation and therefore was *ultra vires* the defendant, a manufacturing and trading corporation. There was evidence that the note was a renewal note for the balance due on a previous note; that the first note, bearing the defendant's indorsement by one who was its treasurer and general manager, had been presented to the plaintiff, who thereupon had a telephone conversation with the defendant's treasurer in which the treasurer, upon being asked by the plaintiff for what

the note was given, stated that it "was given for some deal that he [the treasurer] was in with . . . [the maker]. . . . Some . . . [goods] that we bought together"; that the note was given "To raise money to pay for those . . . [goods]; . . . just simply needed money to pay for the merchandise they bought together"; that, a few days after such conversation, the plaintiff said to the treasurer, "I have got your signature on the note," to which the treasurer replied, "That is all right." The treasurer's name as an individual did not appear on the note. The trial judge ordered a verdict for the defendant. *Held*, that

(1) Findings were warranted that, in the telephone conversation with the plaintiff, the treasurer was referring to his acts as general manager of the defendant corporation; and that the original note was given to pay for goods which the defendant had purchased with the maker: the treasurer's statements did not require the construction that he had indorsed the original note for his personal benefit in the course of personal business with the maker;

(2) A further finding was warranted that, if the defendant were an indorser for value on the original note, the consideration for its indorsement thereon would support its indorsement on the renewal note, the note in suit;

(3) There was error in ordering the verdict for the defendant, since the question, whether the defendant was an indorser for value, should have been submitted to the jury.

CONTRACT against the Commonwealth Pipe & Supply Company, Daniel Russell Boiler Works Incorporated, and Thomas Berry. Writ in the Municipal Court of the City of Boston dated August 1, 1924.

Upon removal of the action to the Superior Court, it was tried before *Morton*, J. Material evidence is stated in the opinion. The defendants Berry and Commonwealth Pipe & Supply Company offered no evidence. The judge ordered a verdict for the plaintiff as against them, and ordered a verdict for the defendant Daniel Russell Boiler Works Incorporated. The plaintiff alleged an exception.

*F. L. Simpson*, for the plaintiff.

*A. S. Allen*, (*M. H. Tobin* with him,) for the defendant Daniel Russell Boiler Works, Incorporated.

SANDERSON, J. This is an action by the payee against the maker and an individual and corporation indorser of a negotiable promissory note for $1,800, dated September 13, 1923. A verdict was ordered for the plaintiff against the maker and an individual indorser, and for the corporation

indorser, whose indorsement purported to have been made by the Daniel Russell Boiler Works, Incorporated, through Daniel Russell, treasurer. This corporation will be referred to as the defendant.

The only exception is to the order directing a verdict for the defendant. In its answer it sets up, among other things, the defences that if it indorsed the notes it did so for the accommodation of the maker, and that the indorsement was *ultra vires*.

The defendant was a manufacturing and trading corporation and Daniel Russell was its treasurer, its general manager and a director. The genuineness of the signature of the defendant was admitted. The note was duly protested for nonpayment. The treasurer and general manager of the plaintiff testified that one Berry, the general manager of the Commonwealth Pipe & Supply Company, the maker of the note, brought to him a note for $2,300, dated April 12, 1923, bearing the indorsement of the defendant; that he looked up its business rating and told Berry that this was satisfactory, but asked him how he might be assured that the defendant had indorsed the note, and Berry said: "Call him up right in front of me," and got the telephone number; that the plaintiff's manager then asked Russell over the telephone what the note was given for, and Russell replied: "it was given for some deal that he was in with Berry or the Commonwealth Pipe & Supply Company." "Some kind of a deal on valves or something." — "Some valves that we bought together"; that it was "To raise money to pay for those valves"; "Just simply needed money to pay for the merchandise they bought together." This conversation took place with Russell before the plaintiff paid any money on the first note. The witness further testified that a few days after this conversation he met Russell and said to him: "I have got your signature on the note," and Russell replied: "That is all right." Russell's name was not upon the note as a personal indorser. The defendant contends that the only reasonable construction of this conversation is that Russell indorsed the corporate name for his own personal benefit in some business he

COLTER *v.* TRAVELERS INS. CO. [270

personally had with Berry or the Commonwealth Pipe & Supply Company, but we are of opinion that, when the subject matter of the inquiry is considered in connection with all the answers given, the jury could have found that Russell was speaking of what he as general manager of the defendant had done and that the note referred to was given to pay for merchandise which the defendant had purchased with Berry or with the maker of the note. The action, however, is not upon the note to which the conversation related, but the jury could have found that the note in suit was the last in a series of renewal notes, and represented at its date the amount due on the original indebtedness, and that if the defendant was an indorser for value on the first note the original consideration would support the renewal notes including that on which the action is brought. *Wilton* v. *Eaton*, 127 Mass. 174. *Whitney* v. *Clary*, 145 Mass. 156. *Wooley* v. *Cobb*, 165 Mass. 503.

Upon the evidence, the question, whether the defendant was an indorser for value, should have been submitted to the jury.

*Exceptions sustained.*