SAMUEL AND NATHAN E. GOLDSTEIN, INC. *vs.* RICHARD H. DIETZ & others.

Hampden. November 27, 1933. — December 7, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Equity Pleading and Practice,* Appeal. *Equity Jurisdiction,* Conveyance in fraud of creditors.

The only question open on an appeal by a defendant in a suit in equity from a final decree for the plaintiff, entered after confirmation of a master's report containing no report of the evidence, where there is no appeal from the decree confirming the report, is whether the final decree is within the scope of the bill and supported by the facts set forth in the master's report.

Where, in a suit in equity against several defendants to establish a debt of one defendant to the plaintiff and to reach and apply in satisfaction thereof real estate conveyed by the debtor defendant to a corporation, organized by him and the other defendants for use in conveying to it his property to hinder, delay and defraud his creditors, including the plaintiff, a master found that all the transfers were made with such purposes and that none of them was *bona fide,* a final decree for the plaintiff was warranted.

BILL IN EQUITY, filed in the Superior Court on September 26, 1931, and described in the opinion.

The suit was referred to a master. Material facts found by the master are stated in the opinion. By order of *Broadhurst,* J., there were entered an interlocutory decree confirming the master's report and a final decree granting relief to the plaintiff against all the defendants. The defendants appealed from the final decree only.

The case was submitted on briefs.

*E. A. Lynch,* for the defendants.

*J. B. Cowett & H. M. Ehrlich,* for the plaintiff.

RUGG, C.J. The plaintiff brings this suit in equity to establish an indebtedness on a matured promissory note for $9,000 executed and delivered by the defendant Richard H. Dietz, hereinafter called the defendant, to set aside transfers by this defendant of four parcels of real estate, and also to

declare null and void certain mortgages executed on those parcels of real estate. The bill alleges that the transfers were made with the intent to defeat, delay and defraud the plaintiff and that the other defendants were parties to this fraudulent scheme. The case was referred to a master. He found the indebtedness from the defendant to the plaintiff to be established as alleged. He found that three of the defendants joined in a scheme of the defendant Richard H. Dietz to organize a corporation to be used by him in order to enable him to convey to it his property to hinder, delay and defraud his creditors and to defraud the plaintiff, that all the transfers of real estate referred to in the plaintiff's bill were made for the purpose of hindering and delaying the creditors of the defendant, particularly the plaintiff, that all the defendants participated in the scheme, and that the transactions were not *bona fide* and were never intended by the parties to be genuine but were consummated solely for the purpose of permitting the defendant to put his property out of the reach of the plaintiff. The evidence is not reported. No exceptions nor objections were filed to the master's report. It was confirmed by an interlocutory decree. No appeal was taken from that decree. Thus the findings of fact made by the master became conclusive between the parties. *C. A. Briggs Co.* v. *National Wafer Co.* 215 Mass. 100, 108. *Levey* v. *Nason,* 279 Mass. 268, 271. A final decree in accordance with the findings of the master was entered in favor of the plaintiff.

The ultimate facts found by the master are amply supported by the subsidiary findings. Not only are they not mutually contradictory but the conclusions are entirely consistent. There is nothing in them to indicate any error. They appear to be plainly right. *Glover* v. *Waltham Laundry Co.* 235 Mass. 330, 334. *Lovell* v. *Commonwealth Thread Co. Inc.* 280 Mass. 243, 246. It is not necessary to recite the findings.

The only question open on appeal is whether the final decree is within the scope of the bill and supported by the facts set forth in the master's report. *New York Central & Hudson River Railroad* v. *Chelsea,* 213 Mass. 40, 43. *Lefevre*

v. *Chamberlain*, 228 Mass. 294, 297.   *Peabody* v. *Dymsza*, 280 Mass. 341, 342.   *Seager* v. *Dauphinee, ante*, 96, 98.

It is too clear for discussion that the final decree granting relief against such fraudulent practices was right upon this record.   *R. E. McDonald Co.* v. *Finkovitch*, 270 Mass. 362, 367, and cases cited.   *Harris* v. *Flynn*, 272 Mass. 8.   *Dondis* v. *Lash*, 277 Mass. 477.   See St. 1924, c. 147, now G. L. (Ter. Ed.) c. 109A.   *Lamb* v. *McIntire*, 183 Mass. 367.

<div align="right">

*Decree affirmed with costs.*