Carr, J.
On a motion that, on the opening statement of plaintiff’s counsel, a verdict should be directed for the defendant, all the facts in such opening must be taken to be true. Gray v. Boston, 277 Mass. 166, 167.
On a motion for a directed verdict for the defendant, the evidence most favorable to the plaintiff must be accepted. Dillon v. Plimpton, 239 Mass. 588, 589.
On a request for ruling that on all the evidence the plaintiff cannot recover, the evidence most favorable to the plaintiff must be accepted. Boylston Bottling Co. v. O’Neill, 231 Mass. 498, 500.
Assuming that when the evidence of neither party has been completed, the trial judge may make findings of fact, we consider this appeal on the basis of the evidence most favorable to the plaintiff as modified by the judge’s findings.
The evidence warranted a finding that the defendants employed the plaintiff, a real estate broker, to procure a purchaser for the premises in question, and that the plaintiff did procure a customer for the premises, and that customer and amount offered were satisfactory to the defendants. On the evidence and statements of counsel the trial judge stated, “I find as a fact that the property was owned by the Bates and Otis heirs and that at no time did the defendants, or either of them, represent to the plaintiff that they owned the property, and I find as a further fact, that the defendants were acting as agents for the owners and not as principal.” The judge also stated, “I rule that the defendants as such agents are not liable.” The report states: “Upon the foregoing findings of fact the court ruled that the plaintiff Could not recover in any of these actions.”
*291 The ruling on these findings is not a correct statement of the law. There is nothing in the findings to the effect that the plaintiff knew of the agency. The situation shows nothing more than an agency for an undisclosed principal. In such situation it is well established that the plaintiff can hold the agent and probably the principal as well. Gavin v. Durden Coleman Lumber Co., 229 Mass. 576, 579. 1 Mechem on Agency, §1410, §1415.
The agency was not disclosed at the time of hiring. When one makes an offer, presumptively he does it for himself unless he discloses that he is acting for another. The fact, if it is a fact, that before bringing in an offer, the plaintiff discovered that the Bates and Otis heirs then owned the property, has no conclusive effect. It is by no means unusual for those who have a contract to buy to hire agents to resell.
The burden is on the agent to disclose agency in such a way as to exclude a reasonable belief that he intends to become personally bound. 1 Mechem, Agency, §§1413-1414. It is not enough to remain silent and make no representations.
The judge, not having made knowledge of the agency a part of his finding, we are left in doubt whether he thought it was unimportant or whether he did not find it to be a fact. If, because of the letter of February 3rd and the receipt of February 4th and the testimony as to the conversation of February 11th, we assume that the plaintiff then learned that the defendants were acting as agents for other persons as owners, still the ruling of the judge that the defendants were not liable and that the plaintiff could not recover was wrong. Whatever he could on a complete trial find as a fact he could not rule that on no view of the evidence would the defendants be liable.
It is well established that an agent of a known principal may bind himself personally.’ There was evidence in this *292 case to be weighed and facts to be determined on the question of personal liability. Steamship Bulgarian Co. v. Merchants’ Despatch etc. Co., 135 Mass. 421, Coggins v. Murphy, 121 Mass. 166, Simonds v. Heard, 23 Pick. 120, cf. Cass v. Lord, 236 Mass. 430, 432, 1 Mechem on Agency, §1419 et seq.
Neither plaintiff nor defendant was given opportunity at the trial of these actions to put in his case.
The normal procedure in trials is set forth in MeKelvey on Evidence, in chapter XIII:
“The successful and orderly administration of justice requires that some system be followed in the introduction of testimony upon trial, and a uniform system has grown up; a system which has satisfied the English and American idea of fair play. It is, in brief, that each party shall have his say, — i. e. put forward his ease by his witnesses,— and shall complete it without interruption except by cross-examination. The plaintiff usually begins and must put in his whole case; that is, all the testimony which he intends to offer to support the claims he has made. The defendant then proceeds to put in all the testimony which he has to disprove the facts as shown by plaintiff’s witnesses, and, if there is an affirmative defense, to support the facts set up in his pleading. The plaintiff then again takes up the work, and is permitted to put in what testimony he has to explain, qualify, or contradict any matter in the defendant’s testimony; but he cannot add to his original case. The parties may thus proceed by alternative stages as long as the court, in its discretion, deems anything will be gained in the clarifying of the issues.”
The order of the trial judge that if his ruling was wrong, these cases shall stand for further trial, so as to permit the defendants to put in their evidence is vacated. Both sides should be permitted to put in their evidence. It is for this division, not the trial judge, to determine what relief shall be given in case of error.
The order, therefore, is for a New Trial.