JOHN MATTERA, Respondent, *v.* ANTHONY MELE and LAURENCE WEINBERGER, Individually and as Copartners Doing Business under the Firm Name and Style of MELE & WEINBERGER, Defendants.

LAURENCE WEINBERGER, Appellant.

Second Department, March 23, 1942.

*Samuel J. Siegel,* for the appellant.

*George M. Stromberg* [*Henry Vollmer, Jr.,* of counsel, and *Max Milstein* with him on the brief], for the respondent.

PER CURIAM.  Defendant Mele and appellant Weinberger, called "partners," were engaged from 1928 to 1933 in the illegal traffic of liquor in violation of the Eighteenth Amendment to the Constitution of the United States and the "National Prohibition Act" adopted pursuant thereto.  In the conduct of that business, to the knowledge of plaintiff's assignor (wife of defendant Mele), "partners" used an automobile purchased by Anthony Mele but registered in her name.  She claims that "partners" agreed to hold

her harmless against loss by reason of the use of the automobile. Through the carelessness of their driver, while the automobile was being used in the illicit business of "partners," serious injuries were inflicted upon one Castelli. Plaintiff's assignor was insured against loss by a casualty company, which undertook the defense of the action brought by Castelli against Mele and his wife. No action was brought against "partners." Mrs. Mele asserts that at the instance of "partners" she swore, contrary to the fact, that the automobile was being driven by her chauffeur and for her purposes. Mele, who was a defendant in the action, by his verified answer denied that the automobile was being used with his consent. After four trials, in the first of which the complaint against Mele was dismissed, and after the second of which the casualty company became insolvent, a substantial judgment was obtained against plaintiff's assignor. On each of the trials plaintiff's assignor falsely swore that the automobile was being operated in her behalf. Upon failure of the defendant in that action (plaintiff's assignor) to pay the judgment, the judgment creditor pursued her and brought an action to set aside the transfer of certain properties, allegedly owned by her and transferred to third parties, on the ground that the conveyances and transfers were in fraud of creditors. On the trial of that action plaintiff's assignor testified, in the expectation of avoiding payment of the judgment, that the properties conveyed and transferred by her to third parties were properties owned by her husband. It was finally determined that the properties conveyed and transferred did belong to her husband but were chargeable with the judgment against plaintiff's assignor and, accordingly, judgment was directed setting aside the conveyances and transfers for the benefit of the judgment creditor. (See *Castelli* v. *Mele*, 248 App. Div. 831.) The judgment was compromised by the payment of $12,500. Plaintiff's assignor claims that she paid that sum and the expenses of the litigation, of which there is no little doubt. In this action by her brother, as assignee, she sues her husband and the appellant to recover the amount of the settlement and all her legal expenses. Mele, her husband, was not served. After trial before the court and jury, a judgment for the full amount claimed was rendered against defendant Weinberger alone.

A contract of indemnity based upon the performance of illegal acts is void and will not be enforced by the courts. The amount of a judgment obtained against the indemnitee, procured by her perjury in order to defraud a casualty company and to hide the corrupt practices of the indemnitors, may not be recovered under such contract of indemnity. (*Boylston Bottling Co.* v. *O'Neill*,

231 Mass. 498; 121 N. E. 411; *Hull* v. *Ruggles,* 56 N. Y. 424; *Arnot* v. *Pittston & Elmira Coal Co.,* 68 id. 558; *McCraith* v. *Buss,* 198 App. Div. 524; *Hocking Valley Railway Co.* v. *Barbour,* 190 id. 341; *Sayres* v. *Decker Automobile Co.,* 239 N. Y. 73.)

The order and amended judgment should be reversed on the law, with costs, and the complaint should be dismissed on the law, with costs. The appeal from the original judgment should be dismissed, without costs.

LAZANSKY, P. J., CARSWELL, JOHNSTON, ADEL and CLOSE, JJ., concur.

Order and amended judgment reversed on the law, with costs, and complaint dismissed on the law, with costs.

The appeal from the original judgment is dismissed, without costs.