## DUNN v. WHALEN et al.

### (Supreme Court, General Term, Fifth Department. January 18, 1893.)

#### FRAUDULENT CONVEYANCES—CONSIDERATION—PRE-EXISTING DEBT.

> Where the consideration for a conveyance is paid by a mother, but the deed is made to her son under an express parol agreement that at her request he is to convey the property to her, and after several years, during which she has occupied the property, and paid the taxes thereon, on such request, he deeds the land to her, such conveyance cannot be set aside as in fraud of his creditors, it appearing that no judgments were docketed against him prior to such conveyance.

Appeal from special term, Monroe county.

Action by John M. Dunn against Thomas J. Whalen and Bridget Whalen to set aside a conveyance of land in the city of Rochester made by defendant Thomas to his mother, on the ground that it was executed in fraud of creditors. From a judgment entered on a decision of the trial judge, dismissing the complaint, plaintiff appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

Frederick W. Smith, for appellant.

Wilbur F. Osborn, for respondents.

LEWIS, J. In the month of September, 1887, the plaintiff and the defendant Thomas J. Whalen entered into a copartnership, upon the terms that each should contribute equally to the capital stock, and share equally in the profits and losses. After carrying on business for a time, the firm was dissolved, and the plaintiff adjusted the liabilities of the firm, and thereby became a creditor of the defendant Thomas, and on the 26th day of January, 1889, commenced an action against Thomas for an accounting, and on the 3d day of January, 1890, recovered a judgment against him for $492.34. Judgment was duly docketed in the clerk's office of Monroe county, and an execution issued for the collection thereof, which was on the 5th day of July, 1890, returned unsatisfied. The indebtedness out of which the judgment in favor of the plaintiff arose was contracted by the firm prior to November 10, 1888. On the 30th day of December, 1884, one Michael McRoden, conveyed to the defendant Thomas J. Whalen, by deed dated that day, the premises sought to be reached in this action. The consideration for the conveyance was paid by the defendant Bridget Whalen. The conveyance

was made subject to and with the verbal understanding and agreement between said defendants that Thomas should hold title to said premises in trust for the defendant Bridget Whalen, and should convey said premises to her at any time when she might request him so to do. On the 10th day of November, 1888, at the request of Bridget Whalen, Thomas executed and delivered to her a deed of the premises described in the complaint. Mrs. Whalen was in possession of the property, paying taxes and repairs thereon, during all the time the title was held by Thomas. She paid no consideration for this conveyance. The trial justice found, upon evidence sustaining the findings, that this conveyance to Bridget was made by Thomas in good faith, and in pursuance of the agreement theretofore made, and under which Thomas held the title; that the conveyance was not made by Thomas for the purpose or with the intent of cheating or defrauding his creditors or the plaintiff in this action; and that the conveyance was not received nor accepted by Bridget for the purpose or with the intent of aiding or assisting Thomas to cheat or defraud his creditors.

It is true, as is claimed by the plaintiff's counsel, that there was no valid or legal trust which could have been enforced by Bridget Whalen. The conveyance by McRoden to Thomas, vested in him the fee to the land, and no trust resulted in favor of Bridget, because of the fact that she paid the consideration for the conveyance; and had the title remained in Thomas until the recovery of the judgment by the plaintiff, it would have been a valid lien upon the property. The plaintiff, however, had acquired no lien upon the property prior to its conveyance by Thomas to his mother. The evidence tended to show that, at the time of the conveyance of the property to Thomas, Mrs. Whalen was threatened with litigation, and, upon the advice of her counsel, she had the title taken by Thomas. At the time of the conveyance by Thomas, her affairs had been adjusted, and the conveyance was made at her request. In conveying the property to his mother, Thomas discharged an equitable obligation that he was under,—to convey the property; and until the plaintiff acquired a lien upon the land, by the docketing of his judgment, he had no legal or equitable claim upon it, superior to that of Mrs. Whalen. The case of Davis v. Graves, 29 Barb. 480, is in all its essential features like the case at bar, and is an authority to sustain the judgment in this case. The doctrine of the case of Davis v. Graves has not been disturbed, but is approved in Holden v. Burnham, 2 Hun, 678. This case was affirmed in 63 N. Y. 74. It was also approved in Brooks v. Wilson, 53 Hun, 173, 6 N. Y. Supp. 116; Bank v. Hodges, 9 Hun, 161; Wait, Fraud. Conv. § 176; and in 2 Bigelow, Fraud. Conv. pp. 123, 430, 431. The case was properly disposed of by the trial justice, and the judgment appealed from should be affirmed, with costs. All concur.