(20 Misc. Rep. 494.)

### MONROE v. BUTTON et al.

(Supreme Court, Special Term, Oswego County. June, 1897.)

EXEMPTIONS—REAL ESTATE PURCHASED WITH PENSION.

> The exemption of real estate, purchased with pension moneys, from liability for the debts of the pensioner, is waived by the execution of a mortgage thereon by the pensioner; and such waiver was not prohibited or made void by the provisions of Code Civ. Proc. § 1404, as it existed prior to 1894.

Action by Mary A. Monroe against James R. Button and others to foreclose a mortgage. Decree granted.

F. E. Hamilton, for plaintiff.
Merrick Stowell, for defendants.

HISCOCK, J. It is undisputed that the defendant and his wife executed the mortgage in suit, and that there is past due thereupon the amount set forth in the complaint; also, that the defendant James R. is a pensioner of the United States, and used upward of $1,300 of pension moneys received by him in part purchase of said premises; that the value of said premises does not exceed the sum of $1,800, and is not sufficient to repay to said defendant his pension moneys and also to pay to plaintiff the amount due upon her mortgage. There was no evidence or claim upon the trial that the original mortgagee, or plaintiff, as assignee, prior to assignment, had any notice of the fact that said premises were purchased in whole or in part with pension moneys, or that said mortgage and the bond accompanying the same were given in other than the usual way to secure a loan of money made at the time of execution. It is conceded by plaintiff, as it must be under the well-settled law of this state, that not only the original pension moneys received by defendant James were, but that also the real estate purchased by him therewith is, exempt from proceedings based upon the ordinary and general liability arising from indebtedness. It is further claimed by defendants, but disputed by plaintiff, that this exemption of such money or property is so fixed that a specific pledge thereof or lien thereupon voluntarily created by the pensioner is void, and cannot be the basis of any proceedings against him or such property. I find myself unable to agree with this claim of defendants. This exemption of pension money is, of course, entirely a creation and subject of statute. It is admitted by defendants' learned counsel that as a general rule the benefit of a statute may be waived by the party for whose benefit it is intended, and that the execution of the mortgage would be a sufficient waiver in this case, if the waiver were permissible. But it is insisted that waiver of exemption in such manner is not permissible, but is prohibited—First, by the provisions of the statute upon the subject; and, second, by public policy. The statutory provisions in question are claimed to be found in section 1404, Code Civ. Proc., as it existed in 1888, when this mortgage was given. That section is a part of title 2, art. 1, c. 13. That article contains the sections, among others, exempting from levy and sale certain personal property and pensions, also burying grounds and homesteads, and then the section in question, which reads as follows:

"The owner of real property exempt, as prescribed in this article, may, at any time, subscribe a notice * * * to the effect that he cancels all exemptions from levy or sale by virtue of an execution affecting the property, or a particular part thereof, fully described in the notice. * * * Any other release or waiver, hereafter executed, of an exemption of real property, allowed by this article, or of an exemption of a homestead, or a private or family burying ground * * * is void."

It will thus be noted that this prohibition of waiver relates expressly to real property, and exemptions of real property, as prescribed or allowed in that article, and in no manner mentions or refers to pension moneys, or the proceeds thereof. But defendants' counsel argues, in substance, that, since it is held that real estate purchased with pension money is subject to the same exemptions as the original money, this prohibition of waiver ought to be construed as referring also to such real estate. Undoubtedly, the legislature might have added to the clause in question a provision which should so exempt such property, but it did not do it; and, in view of the rule that exemptions and exceptions should be construed with at least reasonable strictness, I do not think the court would have the power by construction to interpolate into this statutory provision such an addition as suggested. It is possible, also, that some reason may be found for prohibiting a waiver of exemption by the common form of mortgage in case of a homestead exemption, and not in the case of property purchased with pension money, in the fact that the exemption in the case of the former would be a matter of record, and notice to anybody dealing with the title, whereas the exemption in the case of the latter would not be so a matter of record, and the refusal to give force and effect to a mortgage taken in good faith might result in injustice.

The second-branch of defendants' proposition, that public policy is opposed to allowing a waiver of exemption of pension property by mortgage, is based upon the theory and idea that pensions granted by the government are intended to secure a support, not only for the pensioner, but for his family, and that the courts should take pains to guard against improvident, even though voluntary, waste of such property. The spirit of this contention has been well recognized by the courts, as it should be. But there must, of necessity, be a limit to the extent to which they will prohibit the use and disposition of his property by a pensioner. The latter must have some power and latitude in disposing of his pension money, and the property purchased with it, or it will be practically unavailable to him. I suppose there can be no question but that a pensioner might take his check, or the proceeds thereof, and with it purchase supplies for his family, material for building a house, or anything else, necessary or unnecessary, which he saw fit. Would there be any difference in principle between this, and his giving a mortgage upon the property purchased with such pension check, by which to get money to go out and purchase those same articles? It seems to me not. These views, which lead to the conclusion that defendant and his wife could execute a valid mortgage upon the property in question, are in accordance with the spirit of recent legislation upon this subject. Moved by considerations of necessity or expediency or public policy, the legislature in 1894 so amended section 1404, heretofore quoted from, as to expressly allow a

person to waive an exemption of real estate therein referred to by the execution of a mortgage in which his wife joins, as was done in the case at bar.

In accordance herewith, findings and decree may be prepared in the ordinary form, allowing plaintiff a foreclosure of her mortgage, with costs. Ordered accordingly.