(20 App. Div. 241.)

FRITZ v. WORDEN et ux.

(Supreme Court, Appellate Division, Fourth Department. July 30, 1897.)

1. LANDS—ABSOLUTE CONVEYANCE—ORAL DEFEASANCE.
   Where there is no fraud or mistake, an absolute conveyance cannot be defeated by an oral agreement to reconvey.

2. HOMESTEADS—CONVEYANCE—WAIVER OF EXEMPTIONS.
   A husband owning land exempt from execution, because purchased with his pension money, conveyed it by absolute deed to his wife. The wife guarantied the note of a son while the title was in her, and the husband alleged an agreement by the wife to reconvey, which was void, because oral. *Held*, that the husband could not claim the property as exempt, as against the creditors of the wife.

Appeal from judgment on report of referee.

Action by Hiram W. Fritz against George P. Worden and wife to set aside a conveyance of real property. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

The defendant George P. Worden was a soldier of the United States in the war of the Rebellion, and received, on account of total disability, a large pension. In 1887 he purchased a house and lot in Hornellsville, N. Y., with pension money, taking the title in his own name. On the 17th of June, 1889, he conveyed these premises to the defendant Lucy M. Worden, his wife, by an absolute deed, and, by parol agreement between them, she was to deed the property back to him at his request. This conveyance was made upon a nominal consideration, by George P. Worden, to avoid the payment of debts which were pressing him at the time, and which he seems to have believed could be collected out of the property. The deed to the wife was recorded in the Steuben county clerk's office, on the same day or the day following its execution. These parties had a son, a young man, T. J. Worden. The plaintiff was engaged in the butchering business in Hornellsville, and he sold a half interest in his business to this son, for $400. The son not having the money, George P. Worden and his wife, the defendant Lucy M. Worden, jointly and severally guarantied a note of the son executed to the plaintiff for $400, payable in six months, with interest, dated April 2, 1894, and at that time the title to the premises was in Mrs. Worden. This note was not paid, and an action was commenced by the plaintiff to recover the amount thereof; and after the commencement of such action, and on the 20th day of December, 1894, the defendant Lucy M. Worden conveyed the premises, by an absolute deed, to the defendant George P. Worden. There was no consideration for that transfer, the defendants testifying, in effect, that the transfer was made to carry out the parol agreement to reconvey, above stated. On the 11th of January, 1895, judgment was recovered in said action against the defendants for $418.66 damages, and $21.09 costs, upon which execution was issued, and returned unsatisfied; and after such return this action to set aside the last-mentioned conveyance, with a view of collecting the plaintiff's debt, was instituted. It appeared undisputed in the evidence, and the referee so found, that the plaintiff was ignorant of the secret oral agreement to reconvey; that he believed that the defendant Lucy owned the land in fee, unaffected by any right, trust, or condition in her hus-

band; and that the plaintiff accepted the guaranty of the said note, and extended the credit to the maker of the said note, upon the faith and credit of such belief of the ownership of Mrs. Worden in fee simple. The plaintiff testified that he accepted the guaranty knowing that the wife was the owner of the real estate; that, in accepting it, he relied upon her solvency by reason of such title, and that he had no knowledge that the defendant George P. Worden had ever held title to the said real estate. The referee found that the conveyance made by the wife to the husband was made, executed, and delivered by her, and accepted by him, without consideration, and with intent on the part of each of the said defendants to hinder, delay, and defraud this plaintiff, as the then existing creditor of the wife; and, as a conclusion of law, the referee found that the said deed was fraudulent and void as against the plaintiff's judgment, and that the plaintiff was entitled to a judgment setting aside the said deed, and a decree that his judgment be a lien upon the said real estate, and that the premises be sold, and out of the proceeds the plaintiff's claim be collected.

Argued before HARDIN, P. J., and ADAMS, GREEN, and WARD, JJ.

James H. Stevens, for appellants.
F. A. Rathbun, for respondent.

WARD, J. An examination of the evidence in this case clearly shows that the conveyance from the defendant Lucy M. Worden to her husband, George P. Worden, of the premises described in the complaint, was executed with the intent of the parties to the instrument to prevent the collection of the plaintiff's debt; and the finding of the referee upon that subject seems fully sustained. The learned counsel for the appellants seems to regard the house and lot that were purchased with the pension money as still exempt from execution, as the property of George P. Worden, by virtue of the oral agreement to reconvey, and that he stands precisely in the same condition, having had the property reconveyed to him, by reason of the oral arrangement, as though he had never parted with the title. The oral arrangement was void, and could not be enforced. There was no fraud or mistake alleged. The conveyance was absolute from Worden to his wife, and the parol arrangement comes within the condemnation of Sturtevant v. Sturtevant, 20 N. Y. 39, Wheeler v. Reynolds, 66 N. Y. 227, and of the statute of frauds. Any equities that may exist between Worden and his wife as to this transaction will not prevail against the plaintiff's equity as a creditor of the Wordens, having trusted them upon the strength of the wife's title to the premises, and without knowledge of the secret oral agreement.

The property was exempt in the hands of George P. Worden, as it was purchased with his pension money, and his creditors had no claim upon or interest in it, and he had the right to give it to his wife or any other party, and his grantee would not be liable to account for this property to his creditors; but when George P. Worden, for whatever reason, voluntarily disposes, by an absolute conveyance, duly recorded, of his title to the property, and by his act thereby holding out to the world the title of that property in another, and permitting that other to obtain credit thereby, and his grantee having been trusted upon the faith of such title, equity will not permit him now to claim the property as exempt against such a creditor. The pension money is used as a shield to protect the soldier from want, and to secure a sup-

port for his family, but it cannot be used as an instrument by which a fraud is perpetrated upon the public. It is the settled law of this state that under the provisions of the Code of Civil Procedure (section 1393) exempting pensions granted by the United States or a state, for military or naval services, from levy and sale on execution, where the receipts from a pension can be directly traced to the purchase of property necessary or convenient for the support and maintenance of the pensioner and his family, such property is exempt. This is a wise and just provision in favor of a soldier of the republic, and these provisions will be enforced by the courts in all proper cases. Bank v. Carpenter, 119 N. Y. 550, 23 N. E. 1108, and cases there cited. But when the pensioner parts with the title to the property in which his pension money is invested, or parts with the proceeds of his pension in any other form, so that the rights of third persons as to that property intervene, the right to the exemption ceases, as, like all other exemptions, it is a personal privilege. Judge Barker says, in speaking for the general term of the old Fifth department in Burgett v. Fancher, 35 Hun, 650: "The favor of the statute is personal to the pensioner, and, if he once relinquishes his privileges, then, of course, it cannot be restored by any effort on his part." It is, however, not necessary in this case to decide whether, by the conveyance from Worden to his wife, he lost his right of exemption in the property conveyed as against future creditors. We only hold that as against the plaintiff, under the circumstances of this case, he cannot maintain the exemption he claims in the property.

The judgment appealed from should be affirmed, with costs. All concur.