HARVEY S. OMANS, Plaintiff, v. GEORGE BEEMAN et al., Defendants.

(County Court, Madison County, March, 1910.)

Pensions — Exemptions — Property purchased with pension moneys.

The provisions of section 4745 of the United States Revised Statutes, avoiding pledges and transfers of pension moneys, refer only to such as are made before the moneys have been reduced to the possession of the pensioner and taken into his custody and control.

The provisions of section 1393 of the Code of Civil Procedure may be waived, and when once waived by a pensioner cannot be restored by any act of his.

Where a pensioner mortgaged property purchased with pension moneys and then parted with the title to the property, he could not, upon afterward reacquiring title to an interest therein by purchase, defeat an action to foreclose the mortgage.

40

County Court, Madison County, March, 1910.     [Vol. 66.

Action to foreclose mortgages.   The opinion states the case.

W. E. Lounsberry, for plaintiff.

E. W. Cushman, for defendant George Beeman.

George B. Russell, for defendants Marshall, and for guardian *ad litem.*

Kiley, J.   This action is brought to foreclose two mortgages upon lands situate in the town of Nelson, this county. Briefly, the facts, which are undisputed, are as follows: Previous to December, 1901, the defendant George Beeman purchased the premises described in the mortgages and in the complaint in this action and gave to the grantor a purchase money mortgage for part of the purchase price, upon which mortgage there were due and unpaid, at the commencement of this action, $600 of principal, and interest from January 16, 1909.   Later, and previous to December, 1901, the defendant George Beeman borrowed $200 more of same mortgagee, upon same premises, upon which there were due and unpaid, at the commencement of this action, $200 and interest from January 16, 1909.   The plaintiff became the owner of these mortgages by assignments delivered and recorded before the commencement of this action.   On December 16, 1901, the defendant George Beeman sold the premises by an instrument in writing, to wit, a deed, to his wife, Lucy A. Beeman. Subsequently, and before the commencement of this action, she died, leaving her husband, the defendant George Beeman, and several children her surviving.   After Lucy A. Beeman's death and before the commencement of this action, the said defendant George Beeman acquired by purchase a six-sevenths interest in said premises.

The said defendant George Beeman is a pensioner of the United States; and what moneys he paid upon said premises and expended thereon he swears came to him by way of such pension.   This is not disputed.   The sole defense he relies upon to defeat the plaintiff's claim in this action is the fact

that he is such pensioner and that it was pension money he paid upon said premises. These payments were made before he parted with title to his wife, Lucy A. Beeman. He relies upon two statutory provisions to avoid paying this money, which he admits he borrowed, as hereinbefore set forth.

*First.* Section 474 of the United States Revised Statutes.

The provisions of this section protect the pension in transit from the United States Treasury to the pensioner, and no further; hence are not applicable here. Stockwell v. National Bank of Malone, 36 Hun, 583; Burgett v. Fancher, 35 id. 647.

The language " no pledge, mortgage, sale, assignment, or transfer, etc.," found in section 4745, United States Revised Statutes, refers to the pension before it has been reduced to the possession of the pensioner and taken into his custody and control. Hence the State then steps on guard with section 1393 of the Code of Civil Procedure, which is the *second* statutory provision relied upon by the said defendant Beeman as a defense.

In this he must also fail. By his sale of the premises he waived the exemption, if he ever had any under the circumstances, as disclosed by the evidence in this case. Fritz v. Worden, 20 App. Div. 241.

In Burgett v. Fancher, 35 Hun, 647, cited above, at page 650 of the opinion, the court, citing 3 T. & C. 21, says: " The favor of the statute is personal to the pensioner, and if he once relinquishes his privileges then, of course, it cannot be restored by any effort on his part."

McMahon v. Cook, 107 App. Div. 150, shows the attitude of the courts, where an effort is made to avoid liability, on grounds not strictly equitable.

Section 1393 of the Code of Civil Procedure, above referred to, is found in chapter 13, title 2, article 1. Section 1404 of the Code of Civil Procedure is found in the same chapter, title and article, and in 1894 was amended so as to allow the giving of a mortgage, such as the mortgages in question here, free from the prohibition contained in the provisions creating the exemptions. Said amendment is of subsequent enactment to the giving of these mortgages; but,

under similar circumstances, Mr. Justice Hiscock in Monroe *v.* Button, 20 Misc. Rep. 494, held that the defense under section 1393 could not defeat an action to foreclose a mortgage given on property purchased with pension money. It will be seen that, even if defendant Beeman had not parted with his title when he transferred to his wife, he could not maintain the defense founded upon the claim of exemption.

Let findings be prepared upon which to base an interlocutory judgment of foreclosure and sale of and under said mortgages. From the proceeds of such sale plaintiff should first be paid his costs and disbursements to be taxed. Next, there is allowed forty dollars to George B. Russell, as attorney for the guardian *ad litem,* to be paid after plaintiff's costs and disbursements; plaintiff's claims to be next paid from the proceeds of the sale.

Judgment accordingly.