JOHANNA HEGSTAD, Appellant, *v.* LEO WYSIECKI and CECILLIA VON WARZEWSKA, Respondents.

Second Department, June 22, 1917.

**Real property — grant to one where consideration paid by another — moral obligation of grantee to reconvey limited by duty to make good loss suffered by tenants through negligence — transfer with intent to defraud judgment creditor.**

Where the purchaser of apartment houses paid the consideration and took title in the name of his cousin, who was his housekeeper and who paid no consideration, but agreed to manage the property, and, after paying to the purchaser a certain amount of the rents, retained the balance, and the said cousin, after the commencement of an action against her for injuries caused by her negligence as owner and landlord, reconveyed the premises to the purchaser, the only consideration being a moral obligation, said transfer should be set aside on the ground that it was made with intent to defraud the judgment creditor.

The moral obligation of the owner of the title to reconvey was limited by her duty to make good the loss suffered by tenants through her fault as landlord while she held title.

APPEAL by the plaintiff, Johanna Hegstad, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 6th

day of July, 1916, upon the decision of the court dismissing the complaint after a trial at the Kings County Special Term.

The action was brought to set aside certain conveyances on the ground that they were made with intent to defraud the plaintiff, a judgment creditor.

  *Edgar J. Treacy*, for the appellant.

*S. C. Weinberg*, for the respondents.

BLACKMAR, J.:

The evidence in this case, all elicited by plaintiff from the defendants and their attorney, is without dispute or contradiction.

In 1910 the defendant Wysiecki, a priest of the Roman Catholic Church, purchased ten apartment or flat houses in Halsey street, Brooklyn, paid the consideration and took the title in the name of his cousin, Cecillia Von Warzewska, who was his housekeeper. At about the same time he conveyed sixteen other flat houses to her. No consideration was paid by Von Warzewska, but the understanding was that she should manage the property, pay to Wysiecki $5,000 a year and keep the remainder of the rents herself. The motive behind the conveyance, as given by the grantee, was that he as a priest was not permitted to hold real property. The only reasonable inference from this evidence is that the grantee held the title to the property for and recognized Wysiecki as the real owner.

On July 14, 1914, the plaintiff, a tenant in one of the apartments, brought an action against Von Warzewska to recover damages for injuries caused by the negligence of defendant as owner of the premises. In 1914 and 1915 the rentals of the property did not produce enough to pay the $5,000 per annum, and on April 15, 1915, at the request of Wysiecki, all the twenty-six houses were conveyed to him.

The property in 1910 was worth, over and above mortgages, about $100,000. In April, 1915, it was worth about $50,000. Wysiecki knew all about the plaintiff's action; he employed and paid a lawyer to defend it. The conveyance to him left Von Warzewska entirely insolvent, as she had on other property. Subsequently plaintiff recovered judgment, and, execution having been issued and returned unsatisfied,

brought this action to set aside the conveyances as made with intent to hinder, delay and defraud her. The complaint was dismissed, with a finding of fact that the conveyances were made on a good and valid consideration and without intent to defraud plaintiff.

We are not satisfied with the decision of the learned justice, nor with the finding of fact on the subject of fraudulent intent.

When the ten flat houses in Halsey street were purchased by the defendant Wysiecki, who paid the consideration, taking the title in the name of his cousin Von Warzewska, she became the owner, and no interest cognizable either in a court of law or equity vested in Wysiecki. (Real Prop. Law [Consol. Laws, chap. 50; Laws of 1909, chap. 52], § 94.) When the remaining sixteen houses were conveyed by Wysiecki to Von Warzewska, she became the absolute owner thereof, and as to these also no interest remained in defendant Wysiecki cognizable either in a court of law or equity. (Real Prop. Law, §§ 91, 92, 93, 242; *Sturtevant* v. *Sturtevant*, 20 N. Y. 39.) Von Warzewska became what the real estate interests have denominated a dummy, which term has become well recognized to mean a person who holds the legal title to real property under a moral obligation to recognize another as the owner. Originally, such moral obligation was a trust which would be executed by a decree in chancery. (1 Spence Jurisdiction of the Court of Chancery, 495.) But this the statutes above cited now prevent. Sometimes if there is an oral agreement to reconvey, void under the Statute of Frauds because not in writing, partial performance by the plaintiff may enable a court of equity to enforce a reconveyance in order to prevent a fraud. (*McKinley* v. *Hessen*, 202 N. Y. 24.) But it was not intended by this decision, although it seemed to legalize the dummy, to nullify the Statute of Frauds or judicially repeal section 242 of the Real Property Law, and it is still the law that the grantee takes the whole title, both legal and equitable. We mean by an equitable title, as we now use the term, one which is enforcible in a court of equity. Nevertheless, a moral obligation may exist which is not enforcible either in law or equity, and which may be a good consideration for a promise or conveyance. (*Davis* v. *Graves*, 29 Barb. 480; *Dunn* v. *Whalen*, 21 N. Y. Supp. 869;

Moore Fraud. Conv. chap. 14, § 9; *Holden* v. *Burnham*, 2 Hun, 678.) A familiar instance is a moral obligation to pay a debt barred by the Statute of Limitations (Code Civ. Proc. § 395; *Levy* v. *Popper*, 106 App. Div. 394; affd., 186 N. Y. 600), or bankruptcy. (*Dusenbury* v. *Hoyt*, 53 N. Y. 521.) The opinion of the learned justice shows that it is upon this principle that he held that the conveyance of the twenty-six parcels by defendant Von Warzewska to defendant Wysiecki was not in fraud of plaintiff's demand.

But we think the fact was overlooked that the claim of the plaintiff grew out of the ownership of the property. The defendant Von Warzewska was liable to plaintiff because, and only because, she was the legal owner of the property. The doctrine on which the learned justice rested the decision of this case is founded on the theory that the moral obligation to reconvey is superior to the obligation to satisfy her own personal debts. Even the rule would not apply if the dummy's apparent ownership of the property gave her a credit which induced the creditor to trust her. (*Budd* v. *Atkinson*, 30 N. J. Eq. 530; *Besson.* v. *Eveland*, 26 id. 468; *Fritz* v. *Worden*, 20 App. Div. 241.) And the rule itself does not prevail in some jurisdictions. (*Chapin* v. *Pease*, 10 Conn. 69.) Certain obligations and liabilities are apt to attach to the ownership of real property; and when one conveys to another to hold on a secret trust, he must contemplate the probability that his grantee may incur such liabilities. To such liabilities, certainly those growing out of occupation by a tenant, it is but just to hold that the obligation to reconvey is subject. Although the Real Property Law (§ 265) provides that in cases like this the question of fraudulent intent is one of fact, yet if a debtor conveys all his property without consideration, the inference of fraud naturally and necessarily follows. The case, therefore, turns on the question of a consideration for the transfer. The consideration is a moral obligation only. Its sufficiency must be brought to the test of moral considerations. Is it in accord with equity and good conscience that the conveyance should prevail against plaintiff? If not, there is no moral obligation to convey superior to plaintiff's claim. To that extent, therefore, the conveyance does not rest on a moral obligation. The defendant Wysiecki con-

veyed the legal title to Von Warzewska. This carried with it certain obligations and duties to tenants. She failed to perform those duties, and out of such failure the plaintiff's demand arose. It seems to us that the obligation to reconvey is limited by the duty to make good the loss suffered by tenants through her fault as landlord while she held the title for Wysiecki's benefit. As to the plaintiff, therefore, the obligation does not exist, and the conveyance is voluntary. If voluntary, it must be held fraudulent. This conclusion is in accordance with natural justice, on which all law is founded. And if we have found no authorities directly for it, neither have we found any against it. The use of the dummy in perpetrating frauds is prevalent enough as it is. It would be a more efficient agent for that purpose if we should hold that by carrying property in the name of a dummy, the secret owner could hold it discharged from the liabilities which attach to ownership.

The judgment is reversed, the 8th, 9th, 10th, 12th and 13th findings of fact and the facts found in the 1st and 2d so-called conclusions of law in the decision disapproved, and a new trial granted, costs to abide the final award of costs.

JENKS, P. J., THOMAS, STAPLETON and MILLS, JJ., concurred.

Judgment reversed, the 8th, 9th, 10th, 12th and 13th findings of fact and the facts found in the 1st and 2d so-called conclusions of law in the decision disapproved, and a new trial granted, costs to abide the final award of costs.