ALEXANDER M. BING et al., Appellants, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

(Argued October 16, 1930; decided November 18, 1930.)

*Lewis M. Isaacs* for appellants. The conveyance of the real estate by the Charter Construction Company to Glenbrook Company, Inc., in pursuance of the agreement with the stockholders of the former company, coupled with the grantee's declaration as to ownership, vested legal title in such stockholders. (Real Prop. Law, §§ 92, 93; *Wright* v. *Douglass*, 7 N. Y. 564; *Ring* v. *McCoun*, 10 N. Y. 268; *Verdin* v. *Slocum*, 71 N. Y. 345; *Wendt* v. *Walsh*, 164 N. Y. 154; *Gueutal* v. *Gueutal*, 113 App. Div. 310; *Adams* v. *Adams*, 114 App. Div. 390; 187 N. Y. 547; *Bryant* v. *Shaw*, 190 App. Div. 578; *Sinnott* v. *McLaughlin*, 198 App. Div. 630.)

*Hamilton Ward, Attorney-General* (*Borden H. Mills* and *Wendell P. Brown* of counsel), for respondent. Plaintiffs were required to establish that they were the owners in fee of the premises. (Real Prop. Law, § 501, subd. 1.) Title is an essential element of a fee. (*Matter of Brookfield*, 176 N. Y. 138; *Bradley* v. *Crane*, 201 N. Y. 14; *Olcott* v. *Wood*, 14 N. Y. 32; *Bulson* v. *Lohnes*, 29 N. Y. 295.) Plaintiffs have at best, as between themselves and the owner of the fee, a right to control the property and to direct its disposition. (*Matter of Briggs*, 101 Misc. Rep. 191; *Sehm* v. *City of New York*, 130 App. Div. 148; *Brandenstein* v. *Kawecki*, 213 App. Div. 574; *Stevens* v. *Foyle*, 73 Misc. Rep. 417; *Hazkate Holding Corp.* v. *People*, 130 Misc. Rep. 409; *United States* v. *Hyde*, 132 Fed. Rep. 545; *Matter of Clement*, 101 N. Y. Supp. 442.)

O'BRIEN, J. Charter Construction Company, of which plaintiffs were sole stockholders, owned real property situated at Park avenue and Eighty-fourth street in the borough of Manhattan. The corporation agreed to transfer the premises to its stockholders or their nominees in exchange for the surrender of their stock. This agreement contemplated that the record title should be transferred to the Glenbrook Company which would

issue to the stockholders of the Charter Construction Company certificates of ownership wherein the Glenbrook would certify that it had accepted the premises and held an undivided interest therein for the account of the Charter stockholders. In accordance with this agreement Charter conveyed to Glenbrook which took the record title and issued to each of the Charter stockholders its certificates of ownership. The Glenbrook Company was organized with a capital stock of only $500. All its officers were employees of Bing & Bing who are agents for plaintiffs and none of its stockholders ever held stock in Charter Construction Company. The Glenbrook paid no consideration to Charter or its stockholders but on the contrary received compensation for acting as depositary of the record title. All these facts have been found and the findings unanimously affirmed.

For the ten years ending in 1926 the State, acting under the provisions of section 182 of the Tax Law (Cons. Laws, ch. 60), assessed the Glenbrook Company a sum in excess of $45,000 for franchise taxes. This assessment is based upon the theory that the Glenbrook Company is chargeable with such a tax as owner in fee of several parcels of real estate conveyed to it by Charter Construction Company. The computation of the tax as so assessed rests upon the inclusion of these premises at Park avenue and Eighty-fourth street and the income from this property as the income of the Glenbrook Company distributed by way of dividends. It is an apparent lien on this property and plaintiffs, alleging that they are the owners in fee, bring this action to bar the State from all claim to such a lien or incumbrance.

In order to succeed, plaintiffs must show as matter of law that they, rather than the Glenbrook Company, are the owners in fee of this property. (Real Prop. Law; Cons. Laws, ch. 50, § 501, subd. 1.) Their equitable interest has been proved. Legal title also must reside in them. Unless the Glenbrook Company has such title, it is vested in

plaintiffs. That corporation is found to have been organized for the purpose, among others, of holding real property as agent or attorney in fact. It agreed in its certificate of ownership that it would at any time assign or convey the property in such manner and upon such terms as the holder of the certificate might direct. Another finding of fact is that the Glenbrook Company performed no active duty with respect to the property but that the collection of rents and other activities in connection with the management and preservation of the property were performed by Bing & Bing acting on behalf of the holders of the certificates. The intent of the Charter Construction Company to transfer this property to its stockholders in exchange for the surrender of their stock clearly appears. No purpose ever existed to confer upon the Glenbrook Company any property or right to possession. It was employed and paid to act merely as the depositary of the record title. The effect of the transaction as found is to confer upon the certificate holders the right to possession and to the receipt of the rents and profits. Glenbrook Company did nothing except to lend its name as of record to hold the title. Its status rose no higher than that of a trustee of a passive trust and it took no estate legal or equitable. (Real Prop. Law, §§ 92, 93; *Wendt* v. *Walsh,* 164 N. Y. 154.) Plaintiffs' position is in principle the same as that of the holder of an unrecorded deed. Assuming, therefore, that the franchise tax was properly assessed against the Glenbrook Company, it cannot attach as a lien upon land in which it possessed no legal or equitable estate.

The judgment of the Appellate Division and that of the Special Term should be reversed and judgment canceling the lien of the tax directed in favor of the plaintiffs, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur.

Judgment accordingly.