WOLF NATELSON, Appellant, v. A. B.L. HOLDING Co., INC., and Others, Respondents.— Judgment affirmed, with costs, the court being constrained to that view because of the decision in Bing v. People (254 N. Y. 484), wherein it is said (p. 487): " It [the corporation] was employed and paid to act merely as the depositary of the record title. * * * Its status rose no higher than that of a trustee of a passive trust and it took no estate legal or equitable. * * * Plaintiffs' position is in principle the same as that of the holder of an unrecorded deed." In this case the holding corporation furnished no consideration for the purchase of the property in question and received none of the income therefrom. The purpose of its creation was merely to hold the record title and to convey the same to whomsoever it was directed by the individuals who paid the purchase price. In taking title it, as directed, executed purchase-money mortgages securing its bond. It had no assets, so that the only security was the mortgage lien. The property, at all times owned by the individuals, is not subject to any lien or claim under the deficiency judgment. Carswell, Scudder and Davis, JJ., concur; Lazansky, P. J., and Hagarty, J., dissent, with the following memorandum: The facts in Bing v. People (254 N. Y. 484), relied on by the majority of the court, do not justify the decision in this case. That action was against the People of the State of New York to bar the defendant from claiming a lien on real property under the pro-

visions of section 182 of the Tax Law (Cons. Laws, chap. 60). Upon the facts there established it was held as a matter of law that the holding company, that is, the company assessed, was not the holder of either the legal or the equitable title during the period covered by the assessments for franchise taxes; it being but a trustee of a passive trust. In the case we are reviewing, the individual defendants organized the corporation for the purpose of taking and holding real property and of performing all acts of ownership with relation thereto. It is not difficult to conclude from the admitted facts that the purpose of the organization of the corporation was not only to take title in its own name but to have it exercise acts of ownership, including the execution of its bonds secured by mortgages, thus relieving from personal liability on the bonds the individuals who now claim to be the actual owners. Conveyances by the corporation to the individuals shortly before the maturity of the bond and mortgage, for the purpose of evading that same liability, cannot be justified by the determination in *Bing* v. *People* or in good conscience.