EMMA L. BROWN, Respondent, v. GEORGE A. HOLLIDAY and Another, Defendants, and CENTRAL STEINWAY CORPORATION and Others, Appellants.— Interlocutory judgment setting aside transfer of property as against plaintiff unanimously affirmed in so far as appealed from, with costs as against appellant Central Steinway Corporation and without costs as to the other appellants. In determining whether or not the provisions of section 94 of the Real Property Law are to govern, the equities of the persons paying the consideration must be weighed against those of the judgment creditor of the transferor. (*Foreman* v. *Foreman*, 251 N. Y. 237,

241, 242.) The purpose of taking the title to the properties in the Cadmus Holding Corporation was undoubtedly to avoid personal liability. The Cadmus Corporation was to bear the losses, but the syndicate was to reap the profits. But no consideration was paid to the Cadmus Corporation for bearing that responsibility. The acts of Randall were those of the syndicate members on whose behalf he operated and who expressly authorized him so to act. In principle, the facts here are the same, though differing in degree, as those considered in *Natelson* v. *A. B. L. Holding Co., Inc.* (260 N. Y. 233); *Fraw Realty Co.* v. *Natanson* (261 id. 396); *Hegstad* v. *Wysiecki* (178 App. Div. 733), and *Flaum* v. *Kaiser Bros. Co.* (66 Misc. 586; affd., 144 App. Div. 897). Present — Lazansky, P. J., Young, Hagarty, Tompkins and Johnston, JJ.