HUGH BERZETY, Respondent, v. THE JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY OF BOSTON, MASS., and JAMES H. MALONE, Appellants.— In an action to recover damages for false imprisonment, in which the jury rendered a verdict in favor of the plaintiff for the sum of $3,000, judgment of the City Court of Yonkers and order denying motion for a new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P.J., Young, Carswell, Johnston and Taylor, JJ.

ALFONSO CASTELLI, Appellant, v. MARION MELE, PETER COHA, ERNEST CERUTTI, JOHN MATTERA, ANTHONY MELE, GEORGE GANELLI and MARY MATTERA, Respondents.— Judgment reversed on the law and the facts, with costs, and judgment directed for plaintiff, with costs, as follows: The transfers of premises 91–43 Lamont avenue, Elmhurst, Queens county, from defendant Marion Mele to defendant Peter Coha, and from Peter Coha to defendant Ernest Cerutti, and from Ernest Cerutti to Peter Coha, are set aside and declared null and void, on the ground that they were made in fraud of plaintiff, a creditor of defendant Marion Mele, who is declared to be the owner of said premises; the transfer of premises 31–08 Seventy-ninth street, Jackson Heights, by defendant Marion Mele to defendant John Mattera, is set aside and declared null and void, on the ground that it was made in fraud of plaintiff, a creditor of defendant Marion Mele, who is declared to be the owner of said premises; the assignment of mortgage on premises in Amityville, Long Island, from defendant Marion Mele to Leon Nascinbene, who is not a party to this action, was made in fraud of plaintiff, a creditor of defendant Marion Mele, and defendants Marion Mele and Anthony Mele are directed to account for the alleged amount received for said mortgage, in the sum of $3,800; defendants Marion Mele and Anthony Mele are directed to account to plaintiff for the sum of $4,300, the amount turned over by Marion Mele to Anthony Mele, in fraud of plaintiff, a creditor of defendant Marion Mele; the transfer or gift of an Oldsmobile automobile by defendant Marion Mele to defendant Mary Mattera is set aside and declared null and void, on the ground that the alleged gift was in fraud of plaintiff, a creditor of defendant Marion Mele. Anthony Mele was transacting business in violation of law, and in order to secure himself against obligations incurred therein or thereby, he kept all his assets, real and personal, in his wife's name. He must have known that certain obligations and liabilities were likely to attach to this ownership of property, especially in the operation of an automobile. Having turned this property over to his wife, he has no cause for complaint if her creditors seek and have the benefit of her ownership. (*Hegstad* v. *Wysiecki*, 178 App. Div. 733; *Natelson* v. *A. B. L. Holding Co., Inc.*, 260 N. Y. 233; *Brown* v. *Holliday*, 245 App. Div. 814; *Matter of Sexauer*, 229 id. 588.) Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Lazansky, P. J., Young, Carswell, Johnston and Taylor, JJ., concur. Settle order on notice.