ELIZABETH LAVELLE MCHUGH, Appellant, v. ANNA KLEIN LASCO, Also Known as ANNA KLEIN, SARAH KLEIN, Also Known as SARAH JONAP, IRVING N. KLEIN, DAVID N. KLEIN and 126 BEACH 82ND STREET CORPORATION, Respondents.— In a judgment creditor's action by a tenant, who had recovered for the owner's negligence, to set aside certain conveyances and transfers of real and personal property, there was a decision and judgment for the defendants. Judgment reversed on the law and the facts, with costs, and judgment directed for plaintiff

for the relief demanded in the complaint, with costs. We think the proof failed to establish a constructive trust in the grantee as claimed; but even if such trust be deemed established, the moral obligation, if any, of defendant Lasco to convey the real property and transfer the balance of the payment of the award in condemnation proceedings was limited by and subject to the duty to fulfill her responsibilities and obligations to tenants, arising out of her ownership and control of the real estate. (See *Hegstad* v. *Wysiecki*, 178 App. Div. 733; *Castelli* v. *Mele*, 248 id. 831; *Natelson* v. *A. B. L. Holding Co., Inc.*, 260 N. Y. 233; *Fraw Realty Co.* v. *Natanson*, 261 id. 396; *Brown* v. *Holliday*, 245 App. Div. 814.) The findings of fact contained in the decision are reversed and new findings will be made by this court. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur. Settle findings and order on notice.