■ TURPIN CORPORATION, Appellant, v ACME MARKETS, INC., Respondent, and F. WESLEY MOFFETT, JR., Appellant.—Order unanimously modified in accordance with memorandum and, as modified, affirmed, with costs to appellants. Memorandum: An action was brought by plaintiff Turpin Corporation (Turpin) seeking a declaratory judgment adjudging its right to proceed with the erection of a supermarket on premises known as the Towe Property located in the Town of Gates, Monroe County, and decreeing that defendant Acme Markets, Inc. (Acme), be prohibited from interfering with or obstructing the erection of such a supermarket. Turpin and defendant Moffett appeal from an order which denied their motion for summary judgment and which granted summary judgment in favor of Acme. This controversy centers around the interpretation to be accorded a restrictive covenant contained in a January, 1958 supermarket lease entered into between the predecessor company of Acme and Chili Plaza, Inc., a corporation which at the time the lease was signed was owned equally by defendant Moffett and one Muller, whose signature appears on the lease. The restrictive covenant prohibited both the lessor and lessee from leasing or letting other property, directly or indirectly, for the purpose of a supermarket within one mile of the perimeter of the shopping area. Turpin, which is and has been solely owned and controlled by defendant Moffett since 1958 and partly owned by him since 1945, conducted negotiations with Wegman Enterprises concerning the erection of a supermarket on property owned by Turpin which is within a one-mile radius of the Acme supermarket. Turpin and Moffett assert that they are not bound by the restrictive covenant contained in the Acme lease because Turpin was not a party to the negotiations or lease and Moffett, as a stockholder of Chili Plaza, was not bound by agreements and actions of Chili Plaza absent a specific agreement with respect thereto. Acme contends that Moffett is attempting to do indirectly through his corporate alter ego Turpin, that which he cannot do directly and that such conduct constitutes a violation of the restrictive covenant's prohibition against both direct and indirect violations of its terms. It is well settled that to grant summary judgment it must clearly appear that no material and triable issue of fact is presented. " 'Issue-finding, rather than issue-determination, is the key to the procedure.' " *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404; *Esteve v*

*Abad,* 271 App Div 725, 727.) Although Moffett did not sign the lease which was entered into between Chili Plaza and the predecessor company of Acme, a clear issue of fact exists as to whether Moffett was bound by the restrictive covenant by virtue of his assent to that provision (see *Cone v Acme Markets,* 41 AD2d 409). The record indicates that Moffett was privy to and had full knowledge of all the terms of the Acme lease, including the restrictive covenant. In addition a further issue of fact exists as to whether Turpin and Chili Plaza were corporate alter egos of Moffett, that is, whether the corporate entities should be disregarded as instrumentalities for the conduct of Moffett's private business dealings and as mere masks for his personal acts and responsibilities (see *Natelson v ABL Holding Co.,* 260 NY 233; Lowendahl v *Baltimore & Ohio R. R. Co.,* 247 App Div 144, affd 272 NY 360). Although it is true that Moffett has had sole control of Turpin since 1958 and of Chili Plaza since 1962, that neither corporation has ever had any employees, and that there were extended periods in which no director and shareholder meetings were held in both corporations, the evidence does not establish as a matter of law that Chili Plaza was the alter ego of Moffett in 1958 or that Turpin was the alter ego of Moffett in 1970. Turpin's purchase of the Towe property in December, 1964 and Moffett's subsequent negotiations with Wegman concerning the sale or lease of the property for developing the supermarket were consistent with the corporate purposes of Turpin as a real estate investment corporation. Inasmuch as there remain questions of fact to be resolved, the trial court correctly denied summary judgment to Turpin and Moffett but was in error in granting summary judgment to Acme. (Appeal from order of Monroe Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Cardamone and Simons, JJ.